# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VISTEON GLOBAL TECHNOLOGIES, INC. )
and VISTEON TECHNOLOGIES, LLC, )
)
       Plaintiffs, )
)
       v. ) Civil Action No.: 2:10-cv-10578-PDB-MAR
)
GARMIN INTERNATIONAL, INC., )
)
       Defendant. )
)

## JOINT RULE 26(f) REPORT OF
## PLAINTIFFS VISTEON GLOBAL TECHNOLOGIES, INC. AND VISTEON
## TECHNOLOGIES, LLC AND DEFENDANT GARMIN INTERNATIONAL, INC.

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on June 9, 2010, and was attended by Rick M. McDermott, Alston & Bird LLP, for Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC (collectively "Visteon"), and Eric A. Buresh and Holly L. Teeter for Defendants Garmin International, Inc. ("Garmin").

**DISCOVERY PLAN**. THE UNDERSIGNED PARTIES JOINTLY PROPOSE TO THE COURT THE FOLLOWING DISCOVERY PLAN:

    **1.** **Initial Disclosures.** Each side will exchange initial disclosures in accordance with Rules 26(a)(1) and 26(a)(1)(C) by June 23, 2010.

    **2.** **Discovery Areas.** Discovery will be needed on the following subjects:

        **A.** **Visteon's Discovery Areas.** Visteon's allegations that Garmin has infringed and is infringing Visteon's U.S. Patent Nos. 5,440,060, 5,654,892, 5,832,408, 5,987,375, and 6,097,316 (collectively, the "patents-in-suit").

**B.     Garmin's Discovery Areas.**  Garmin's affirmative defenses that the patents-in-suit are not infringed by Garmin, that the asserted claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112, and/or that Visteon is estopped by representations or actions taken during the prosecution of the patents-in-suit under prosecution history estoppel.

**C.     Remedies Discovery.**  Remedies requested by Visteon, including damages at issue in this action.

**D.     Discovery Deadlines.**  All fact discovery shall be completed by January 31, 2011.  All expert discovery shall be completed by March 29, 2011.

**E.     Discovery Limits.**  Each side may take up to twelve (12) nonexpert depositions (exclusive of any Rule 30(b)(6) depositions) with a maximum time limit of seven (7) hours per deposition unless extended by agreement of the parties or by Court order.  The parties acknowledge the difficulty of predicting the number of depositions that may be necessary to adequately prepare their case and agree to confer should the need for more than the proposed number of depositions arise for any party.  The parties respectfully request permission to exceed the deposition limit without leave of Court should counsel mutually agree to such additional depositions.

For purposes of this Report, Visteon Global Technologies, Inc. and Visteon Technologies, LLC are collectively referred to as one side, and Garmin International, Inc. is referred to as the other side.

**3.     Infringement and Invalidity Contentions.**

**A.     Infringement Contentions.**  By July 29, 2010, Visteon will provide Garmin with its preliminary infringement contentions.  Visteon's infringement contentions shall include: (a) each claim of each patent in suit that is allegedly infringed by Garmin; (b) separately

for each asserted claim, identification of each accused product, apparatus, device, process, method, act, or other instrumentality ("Accused Instrumentality") with as much specificity as possible; (c) a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function; (d) whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality and, for any claim under the doctrine of equivalents, an explanation of each function, way, and result that is equivalent and why any differences are not substantial; (e) for each claim that is allegedly indirectly infringed, an identification of any direct infringement and a description of the acts of Garmin that allegedly contribute to or induce that direct infringement; and (f) the priority date to which each asserted claim is allegedly entitled.

    **B.**  **Invalidity and Unenforceability Contentions.**  By July 29, 2010, Garmin will provide Visteon with its preliminary invalidity contentions.  Garmin's invalidity contentions shall include: (a) the identity of each item of prior art or other activity that allegedly anticipates each asserted claim under 35 U.S.C. 102(a)-(g) or renders it obvious; (b) whether each item of prior art anticipates each asserted claim or renders it obvious and, if a combination renders it obvious, each such combination and the reasons to combine such items to the extent such are required under the relevant authority.  *See e.g.*, *KSR Int'l v. Teleflex Inc.*, 550 U.S. 398 (2007); (c) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that Garmin contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) any grounds of invalidity based on indefiniteness,

enablement, written description, best mode (to the extent Garmin learns of grounds for invalidity based on best mode requirements, Garmin will supplement its contentions as soon as practical upon learning of such grounds), double patenting (statutory or obviousness-type) or any other basis for invalidity. To the extent Garmin alleges any of the asserted claims or patents are unenforceable, Garman shall identify the acts allegedly supporting all bases for the assertion of unenforceability.

      **C.**     **Responsive Contentions.** By August 30, 2010, Visteon will provide Garmin with its response to Garmin's invalidity contentions. Visteon's response shall include a chart, responsive to Garmin's invalidity chart, that states as to each identified element in each asserted claim, to the extent then known, whether Visteon admits to the identity of elements in the prior art and, if not, the reason for such denial. By August 30, 2010, Garmin will provide Visteon with its response to Visteon's infringement contentions. Garmin's response shall include a chart, responsive to Visteon's infringement chart, that identifies as to each identified element in each asserted claim, to the extent then known by Garmin, whether such element is present literally or under the doctrine of equivalents in each Accused Instrumentality and, if not, the reason for such denial and the relevant distinctions.

      **D.**     **Final Contentions.** By December 31, 2010, Visteon will provide Garmin with its final infringement contentions (in the manner above described) and Garmin will provide Visteon with its final invalidity contentions (in the manner above described). By January 15, 2011, Visteon will provide Garmin with its final validity contentions (in the manner above described), and Garmin will provide Visteon with its final non-infringement contentions (in the manner above described).

**4.    Claim Construction.**

   **A.    Preliminary Constructions.**  On July 29, 2010, the sides shall simultaneously exchange a list of claim terms, phrases, or clauses which that side contends should be construed by the Court, and their proposed claim construction of those terms, phrases, or clauses as well as identify any claim element that the side contends should be governed by 35 U.S.C. § 112(6).  Each such "Preliminary Claim Construction" shall also, for each element that any side contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) in the specification corresponding to that element.

   At the same time the sides exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions.  The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the sides shall also provide a brief description of the substance of that witness's proposed testimony.  The sides shall thereafter meet and confer for the purpose of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a "Joint Claim Construction Statement."

   **B.    Joint Claim Construction Statement.**  By August 29, 2010, the sides shall complete and file a Joint Claim Construction Statement.  The Joint Claim Construction Statement shall contain the following information:

    **i.**  The construction of those claim terms, phrases, or clauses on which the parties agree;

    **ii.**  Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification and/or prosecution history that support its proposed construction of the claim or to oppose any other party's proposed construction of the claim;

    **iii.**  The anticipated length of time necessary for the claim construction hearing;

    **iv.**  Whether any side proposes to call one or more witnesses, including experts, at the claim construction hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert. No other Rule 26 report or disclosure shall be required for testimony directed solely towards claim construction.

  **C.**  **Depositions of Claim Construction Witnesses.** Each side shall complete the deposition of any witness identified in the Joint Claim Construction Statement by October 1, 2010. Any deposition taken for purposes of claim construction will not count against a side's deposition limit and shall be limited to claim construction topics.

  **D.**  **Claim Construction Briefing.** The deadline for each side to submit its opening claim construction brief, if so necessary, on any disputed claims and claim elements shall be October 15, 2010. Each side's opening claim construction brief shall not exceed thirty (30) pages. Each side shall file and serve a responsive brief by November 5, 2010. Each side's responsive brief shall not exceed twenty (20) pages. Further briefing will not be permitted. To

the extent necessary, and subject to the convenience of the Court's calendar, a claim construction hearing shall be held.

5. **Expert Discovery.** Reports from retained experts under Rule 26(a)(2) are due during the discovery period as follows:

    A. **Opening Expert Reports.** By February 21, 2011, each side must submit expert reports required by Fed. R. Civ. P 26(a)(2) concerning issues on which each side bears the burden of proof at trial.

    B. **Rebuttal Expert Reports.** By March 8, 2011, each side must submit rebuttal reports within the meaning of Fed. R. Civ. P. 26(a)(2).

6. **Supplementation.** Supplementations under Rule 26(e) are due in the normal course.

7. **Dispositive Motions.** Pursuant to Rule 56, Fed. R. Civ. P., each side shall file and serve all dispositive motions, supporting briefs, and statement of material facts by April 28, 2011. All responsive briefs must be filed by May 23, 2011. All reply briefs must be filed by June 9, 2011.

8. **Mediation.** Mediation should be conducted late in the discovery period, the exact date to be set by the mediator after consultation with the parties but in any event prior to the close of fact discovery. The parties shall agree upon a mediator by September 29, 2010, and notify the Court that they have selected a mediator.

9. **Preliminary Deposition Schedule.** The parties will generally endeavor to conduct nonexpert discovery during the fact discovery period (with the exception of claim construction expert testimony) and expert discovery during the two (2) months of the expert discovery period. The parties will update this schedule at reasonable intervals.

**10.     Remainder of Schedule.**  The parties agree to confer within ten (10) days after the Court enters its Markman Order to discuss this discovery plan and confer on a proposal for the pretrial schedule.

**11.     Other Items.**

   **A.     Amending Pleadings.**  Visteon and Garmin should be allowed until December 31, 2010, to request leave to join additional parties or amend pleadings.   After these dates, the Court will consider whether the granting of leave would delay trial.

   **B.     Privilege Log.**  The parties agree to provide a privilege log consistent with their obligations under Rule 26(b)(5), Fed. R. Civ. P., up to and including the date of the filing of the Complaint (2/10/10), but no further.

   **C.     Expert Discovery.**  The parties agree that drafts of expert reports and declarations, notes created by or for an expert in connection with preparation of his or her report or declaration, and written communications between a party's attorney and such party's expert, shall not be discoverable and need not be preserved unless the expert replies on such drafts and/or notes and/or written communications and such reliance is made explicit in the expert's report, declaration, or testimony.

   **D.     Document Production.**  The parties will produce documents as single-page TIFF images including boundary files designating separate documents, accompanying OCR text files, and Concordance load files.  Excel spreadsheets and similar materials that require native format to be reasonably usable shall be produced in native format unless redaction issues make it infeasible to do so.  The parties will preserve metadata but will not produce metadata unless good cause is shown.  To the extent source code is relevant and responsive, the parties will produce a password-protected noncopyable disc that shall only be available to outside

counsel until a protective order is entered in this case.  Upon review of the source code, a side may request in writing that specific portions of the source code be produced in hard-copy printout and the number of copies (no more than three copies).  A side **shall not** make additional copies.  The hard-copy printouts shall only be used for the purposes of depositions, expert reports, briefing to the Court, hearings before the Court, and trial.  The parties are currently negotiating a protective order, and each side intends for the protective order to more fully develop the protections for source code.

   **E.**  **Magistrate Judge.** The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master:  The parties prefer management and trial of the case by an Article III Judge.

   **F.**  **Protective Order.** As mentioned above, the parties are currently negotiating a protective order, which will fully address the issues identified in Rule 26(f)(3)(D).

   **G.**  **Further Limitations.** The parties agree that no additional limitations for discovery are required pursuant to Rule 26(f)(3)(E).

   IT IS SO ORDERED, with the consent of the parties this _25th__ day of June, 2010

             _s/PAUL D. BORMAN_____
             The Honorable Paul D. Borman
             United States District Judge

Dated: June 22, 2010

Respectfully submitted,

| | |
|---|---|
| By: /s/ Scott A. Wolfson<br>Scott A. Wolfson (P53194)<br>swolfson@wolfsonbolton.com<br>WOLFSON BOLTON PLLC<br>3150 Livernois, Suite 275<br>Troy, Michigan 48083<br>Telephone: 248.247.7103<br>Facsimile: 248.247.7099<br><br>Richard M. McDermott<br>Rick.mcdermott@alston.com<br>William M. Atkinson<br>William.atkinson@alston.com<br>Jeffrey M. Connor<br>Jeffrey.connor@alston.com<br>Jitendra Malik<br>Jitty.malik@alston.com<br>ALSTON & BIRD LLP<br>Bank of America Plaza<br>101 South Tryon Street, Suite 4000<br>Charlotte, North Carolina 28280-4000<br>Telephone: 704.444.1000<br>Facisimle: 704.444.111<br><br>*Counsel for Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies LLC* | By: /s/ Douglas C. Salzenstein (w/permission)<br>Andrew S. Doctoroff<br>Douglas C. Salzenstein (P59288)<br>dsalzentstein@honigman.com<br>HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>2290 First National Building<br>Detroit, Michigan 48226<br>Telephone: 313.465.7000<br><br>Eric A. Buresh<br>eburesh@shb.com<br>Adam P. Seitz<br>aseitz@shb.com<br>Holly L. Teeter<br>hteeter@shb.com<br>SHOOK, HARDY & BACON LLP<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108-2613<br>Telephone: 816.474.6550<br>Fax: 816.421.5547<br><br>*Counsel for Defendant Garmin International, Inc.* |