IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VISTEON GLOBAL TECHNOLOGIES, INC. ) <br> AND VISTEON TECHNOLOGIES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GARMIN INTERNATIONAL, INC. ) <br> ) <br> Defendant. ) <br> ) | Case No.  2:10-cv-10578-PDB-MAR |

## ORDER

Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC (collectively "Visteon") have moved this Court for an Order to compel certain deposition testimony from Defendant Garmin International, Inc. ("Garmin") regarding five documents (Dkt. 125) and for an Order to compel Garmin to identify whether or not it has obtained an opinion of counsel regarding the asserted patents in this case (Dkt. 126).

First, Visteon seeks to compel deposition testimony from Garmin as to five (5) Garmin documents:

"Garmin PND Business Plan"

"Garmin Aviation Business Segment Board Three Year Strategic Business Plan"

"Automotive OEM Business Segment Three Year Strategic Business Plan"

"December 2011 Sales and Margin.xlsx"

"2009 Unit Qty & Sales Analysis.xlsm"

Having considered the parties' submissions and having heard oral argument on November 13, 2012, and for the reasons expressed at the hearing, Visteon's motion is GRANTED, in part, as follows:

Garmin shall produce a corporate designee of its choice for a deposition regarding the five above-referenced documents, not to exceed two (2) hours of time. After this deposition is concluded, and with the exception of the one remaining fact witness deposition of Ms. Jennifer Herve du Penhoat, fact discovery shall be closed in this matter. Neither Garmin nor Visteon shall request or conduct any additional non-expert depositions without leave of Court and for good cause shown.

Second, Visteon has moved this Court for an Order to compel Garmin to identify whether or not it has obtained an opinion of counsel regarding the asserted patents in this case (Dkt. 126). Having considered the parties' submissions and having heard oral argument on November 13, 2012, and for the reasons expressed at the hearing, Visteon's motion is GRANTED, in part, as follows:

Separately for each of the asserted patents, Garmin shall provide in writing to Visteon a "Yes/No" answer as to whether or not Garmin obtained any opinion of counsel in this case, the name of the attorney who rendered such an opinion, the date of any such opinion, and if such opinion is written, the Bates range for any such opinion. Visteon shall not be entitled to any further discovery or information regarding any alleged opinion because such information is privileged and work product and Garmin is not relying on any opinion of counsel defense in this case. As such, discovery into the substance of any such opinion or analysis shall not be allowed.

Visteon's request for fees and costs is DENIED. Each side shall bear their own fees, costs, and expenses related to these motions.
order of this Court.

                                        s/Mark A. Randon
                                        Mark A. Randon
                                        United States Magistrate Judge

Dated: November 29, 2012

<u>*Certificate of Service*</u>

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 29, 2012, by electronic and/or ordinary mail.*

<u>*s/Melody Miles*</u>
*Case Manager to Magistrate Judge Mark A. Randon*