UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON GLOBAL TECHNOLOGIES, INC.
AND VISTEON TECHNOLOGIES, LLC,

                Plaintiffs,        Case No. 10-cv-10578

                                    Paul D. Borman
v.                                       United States District Court

                                    Mark A. Randon
GARMIN INTERNATIONAL, INC.,       United States Magistrate Judge

                Defendant.
_____/

**OPINION AND ORDER (1) DENYING DEFENDANT GARMIN'S MOTION TO STAY LITIGATION (ECF NO. 155);
(2) DENYING DEFENDANT GARMIN'S REQUEST TO FILE A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT;
(3) REFERRING PLAINTIFFS' MOTION TO AMEND FINAL INFRINGEMENT CONTENTIONS (ECF NO. 154) TO SPECIAL MASTER GAYNELL C. METHVIN FOR A REPORT AND RECOMMENDATION;
(4) REFERRING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 157) AND DEFENDANT GARMIN'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 159) TO SPECIAL MASTER GAYNELL C. METHVIN FOR A REPORT AND RECOMMENDATION**

      Currently pending before the Court are the following fully briefed motions: (1) Defendant Garmin International, Inc.'s ("Garmin") Motion to Stay Litigation Pending Reexamination of the Asserted '060 and '408 Patents (ECF No. 155; Resp. ECF No. 163, 165; Reply ECF No. 167; Garmin's Supp. Notice of Additional Material ECF No. 175; Plaintiffs' Resp. to Supp. Notice ECF No. 178); (2) Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC's ("Visteon") Motion for Leave to Amend Final Infringement Contentions Related to Claim 1 of U.S.

1

Patent No. 6,097,316 (ECF No. 154; Resp. ECF No. 160; Reply ECF No. 164); (3) Visteon's Motion for Summary Judgment (ECF Nos. 157, 158, 161, 162; Resp. 170; Reply 174); and (4) Garmin's Motion for Summary Judgment (ECF No. 159; Resp. ECF Nos. 168, 169, 172; Reply 173).[1]

The Court has concluded that oral argument would not assist the decisional process and accordingly will decide the matters on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f). For the reasons that follow, the Court DENIES Garmin's motion for a stay, and REFERS to Special Master Methvin for report and recommendation, in a separately-filed Order of Reference, Visteon's motion to amend its final infringement contentions, along with both parties' motions for summary judgment.

## I. INTRODUCTION

This patent case has been pending before this Court for nearly three years. The litigation has not been without its complications and the Court, the parties and Special Master Methvin have invested countless hours moving the case along. Both expert and fact discovery are complete (subject to one continuing dispute on an isolated topic), claim construction is complete and motions for summary judgment are currently pending and have been fully and extensively briefed. Considerations of both fairness and efficiency inform the Court's decision to deny Garmin's motion to stay and to move forward with resolution of the parties' fully-prepared motions for summary judgment.

## II. ANALYSIS

### A. Garmin's Motion to Stay

Garmin moves the Court for an Order staying the instant litigation with respect to two of the

---

[1] Also pending before the Court, not yet fully briefed, is Plaintiffs' Motion for Sanctions (ECF No. 177, filed Jan. 25, 2013), which the Court has referred to Magistrate Judge Randon.

patents in suit, U.S. Patent No. 5,544,060 (the '060 Patent) and U.S. Patent No. 5,832,408 (the '408 Patent) pending reexamination of both patents by the United States Patent and Trademark Office ("USPTO"). Alternatively, Garmin moves to stay the entire litigation as to all five asserted patents pending the outcome of the USPTO *ex parte* reexamination proceedings. Finally, Garmin asks that if the Court denies the motion to stay, Garmin be given an opportunity to file a second (untimely) summary judgment motion directed to the '408 and '060 Patents, which Garmin chose not to address in its recently-filed summary judgment motion.

On September 14, 2012, the date that fact discovery closed in the instant litigation, Garmin filed with the USPTO requests for *Ex Parte* Reexamination of the '060 and '408 Patents in light of new questions of patentability based upon prior art that had not previously been presented to the USPTO. (ECF No. 155, Mot. to Stay Exs. A, B.) The USPTO granted the requests on October 26, 2012 (as to the '060 Patent) and November 13, 2012 (as to the '408 Patent). *Id.* On November 21, 2012, just nine days before summary judgment motions were filed with the Court, Garmin filed the instant motion to stay litigation as to the '060 and the '408 patents (or alternatively to stay the entire case as to all five asserted patents).

In deciding whether a matter should be stayed pending the resolution of reexamination proceedings, the Court considers: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Donnelly Corp. v. Guardian Industries Corp.*, No. 05-74444, 2007 WL 3104794, at *4 (E.D. Mich. Oct. 22, 2007) (quoting *Gonnocci v. Three M Tool & Machine, Inc.*, 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. Oct.7, 2003)).

3

## 1. Prejudice and tactical disadvantage to Visteon.

The parties agree that issuing a stay will result in a delay of a trial in this case. Any dispute regarding the exact duration of the delay is immaterial, as by either party's calculation the delay would be significant. Moreover, and particularly in light of the advanced stage of proceedings in this action, a stay would tactically disadvantage Visteon. "[A]dding additional years onto a case already past the claim construction stage is unreasonable and [] place[s] [the non-moving party] at a tactical disadvantage." *Interwoven, Inc. v. Vertical Computer Systems, Inc.*, No. 10-04645, 2012 WL 761692, at *3 (N.D. Cal. March 8, 2012). Not unimportantly, Garmin seeks, as one of its proposed alternatives, to stay the litigation as to only two of the five asserted patents, leaving Visteon in the unenviable position of having to potentially ramp up twice for a trial on the merits. These factors present clear prejudice and tactical disadvantage to Visteon.

Also suspect is Garmin's timing on seeking reexamination of these two patents. Garmin does not dispute Visteon's contention that each of the prior art references on which Garmin based its request for reexamination were known to Garmin for at least fifteen months and in some instances two years before it filed its reexam requests. (ECF No. 163, Visteon's Resp. to Mot. to Stay 4, Ex. C, Sept. 11, 2012 Email from E. Buresh to R. McDermott.) As discussed *infra*, Garmin offers no sound basis for its decision to seek reexamination at such an advanced stage of the litigation, inviting the conclusion that doing so was solely to delay a decision on the merits of Visteon's claims.[2]

---

[2] On January 14, 2013, Garmin filed Supplemental Notice of Additional Material Facts Regarding Garmin's Motion to Stay Litigation Pending Reexamination (ECF No. 175), apprising the Court of the fact that the PTO has issued an Office Action rejecting claims 3, 4, and 6 of the '060 Patent. The Office Action, dated January 9, 2013, seeks responses by March 6, 2013, and is not a final determination by the USPTO as to Claims 3, 4, and 6 of the '060 Patent. *See EMG Technology, LLC v. Apple, Inc.*, No. 09-cv-367, 2010 U.S. Dist. LEXIS 144656, at *7-9 (E.D. Tex. Nov. 15, 2010) (observing that "the initial office action is merely the first of many steps in the re-examination

2.  **Simplification of the issues for trial.**

The parties dispute the percentage chance that the USPTO's resolution on reexamination in Garmin's *ex parte* proceeding would in fact simplify the issues remaining for trial. Barring wholesale claim cancellation on reexamination, Visteon will be free to relitigate any issues decided by the USPTO in the *ex-parte* proceeding. *See Interwoven*, 2012 WL 761692, at *3 (discussing the estoppel distinction between *ex parte* and *inter partes* proceedings, noting that in the latter type of proceeding "the requesting party is barred from seeking district court review on any grounds that it could have raised in the reexamination [pursuant to] 35 U.S.C. § 315(c)")). Without resolving the parties' statistical dispute regarding the chances for wholesale or partial claim cancellation in the *ex parte* proceeding, the Court concludes, as discussed *infra*, that the time for simplifying the issues in this case was sometime long before now; before the close of expert and fact discovery, before hundreds of hours were spent on claim construction, including a Special Master's 102 page Report and the Court's review of the parties' objections to that Report, and before the parties exchanged expert reports and invested hours preparing summary judgment motions that were due to be filed, and were filed, just nine days after Garmin filed its motion for a stay. Moreover, because the case will proceed on the remaining three patents, there is less to be said for reserving the Court's resources by staying the litigation as to the '060 and '408 Patents.

---

process," further noting that an initial office action, which calls for a response, likely to be followed by further office actions and ultimately a final office action, could take years, and concluding that "[a]lthough some of the claims may change in this case, the interests of justice will be better served by dealing with that contingency when and if it occurs"). So too here. The Court has carefully considered the material and argument presented in Garmin's Supplemental Notice, and has also considered Visteon's response. The Court is not persuaded to change its analysis of the relevant factors bearing on the issuance of a stay in this case and concludes that the interests of justice will better be served by moving forward with Visteon's claims on each of the five asserted patents.

### 3. The stage of the litigation weighs heavily and decidedly against the issuance of a stay.

Consideration of this final factor weighs decidedly in favor of the Court's denial of a stay in this matter. It is undisputed that both fact and expert discovery have closed, claim construction has concluded, expert reports have been served and summary judgment motions and responses have been filed. Nearly 50 pages of the Special Master's 107 page Claim Construction Report addressed the '060 and the '408 Patents. (ECF Nos. 67 and 67-1, Special Master's Claim Construction Report.) The parties, the Special Master and the Court also devoted significant time to Garmin's objections to the Special Master's Claim Construction relating to the '060 and '408 Patents. (ECF No. 69, Garmin's Objections to the Special Master's Report; ECF No. 96, Special Master's Response to the Parties' Objections.)

The cases on which Garmin relies in seeking to justify its request for a stay are largely inapposite. In *Dura Global Technologies, LLC v. Magna Int'l Inc.*, No. 11-cv-10551, 2011 WL 5039883 (E.D. Mich. Oct. 24, 2011), for example, Judge Sean Cox granted a motion to stay where claim construction had not yet occurred and final infringement and invalidity contentions had not yet been filed. In the instant case, lengthy and complex claim construction has occurred and final (and supplemental) infringement and invalidity contentions have been filed. Similarly, in *Visual Interactive Phone Concepts, Inc. v. Samsung Telecom. America, LLC*, No. 11-12945, 2012 WL 1049197 (E.D. Mich. March 28, 2012), Judge Lawrence Zatkoff issued a stay pending reexamination before discovery was complete and before a Markman hearing had been conducted, concluding that the case was "at the early stage of litigation and far more time and resources" were yet to be expended. *Id.* at *4 (internal quotation marks and citation omitted). In *Ralph Gonnocci Revocable*

*Living Trust v. Three M Tool & Mach., Inc.*, 02-74796, 2003 WL 22870902 (E.D. Mich. Oct. 7, 2003), while the court issued a stay after summary judgment motions had been filed, there is no evidence that the party seeking reexamination had longstanding knowledge, as Garmin did here, of the prior art on which it based its reexamination request. "Plaintiff may be correct that Medwid did not act swiftly in seeking reexamination. Nothing in the record, however, indicates when Mcdwid [sic] became aware of the prior art which is the basis for his request for reexamination." *Id.* at *4. Likewise, in *Softview Computer Products Corp., v. Haworth, Inc.*, No. 97-8815, 2000 WL 1134471 (S.D.N.Y. Aug. 10, 2000), a stay was granted prior to the close of discovery and prior to the *Markman* hearing. *Id.* at *3.

Garmin has simply waited too long to seek reexamination with no good reason for delay. "'Parties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation.'" *Softview*, 2000 WL 1134471 at *2 (quoting *Snyder Seed Corp. v. Scrypton Sys., Inc.*, 52 U.S.P.Q.2d 1221, 1223 (W.D.N.Y. 1999)). "[W]here there is an inexplicable or unjustified delay in seeking re-examination, a stay is often denied." *Ecolab, Inc. v. FMC Corp.*, No. 05-cv-831, 2007 WL 1582677, at *1 (D. Minn. May 30, 2007). Garmin claims that, due to standards applicable in a reexamination proceeding it was "very important" for Garmin to wait until the close of discovery and the completion of claim construction to request reexamination. (ECF No. 167, Garmin's Reply 3.) Not surprisingly, Garmin cites no precedent to support its assertion that completing fact and expert discovery, resolving claim construction and preparing and filing summary judgment motions are important first steps that must precede a reexamination request. Indeed, such an assertion is directly contradicted by the well-accepted logic and reasoning of the numerous cases denying stays when discovery, expert reports and claim construction are

complete. "Both the parties and the Court have expended sufficient resources and time to render a stay untenable at this point." *Interwoven*, 2012 WL 761692, at *4.

The Court is confident that with the valuable assistance of Special Master Methvin, whom the parties themselves agreed is well-equipped to evaluate the patent issues in this case, and with the able guidance of highly competent counsel, the Court will be able to resolve the summary judgment issues relating to the '060 and the '408 patents, incorporating any final claim decisions that might issue from the USPTO in the process, along with the three other remaining patents in suit, and to see the case through a speedy adjudication on the merits, if triable issues remain. "The reexaminations may simplify or illuminate issues that will come up in this litigation, but staying the case until the reexaminations finish is not necessary to realize the benefits of the PTO proceedings." *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-cv-02863, 2011 WL 3267768, at *6 (N.D. Cal. July 28, 2011).

B.  **Visteon's Motion to Amend its FICs[3]**

Garmin's central objection to Visteon's motion to amend its FICs is that Visteon "throughout the case" has mapped the claimed Central Processing Unit ("CPU") and the vehicle controller in '316 Patent to a single component but now, through its Supplemental FICs, maps the CPU and the vehicle controller to separate components. (ECF No. 160, Garmin's Resp. to Mot. to Amend FICs

---

[3] In its response to Garmin's pending motion for summary judgment, Visteon requests that the Court first rule on its motion for leave to amend its FICs before ruling on Garmin's motion for summary judgment regarding the '316 Patent. If the Court denies Visteon's motion to amend, Visteon reserves the right ultimately to appeal such a denial but states that it will stipulate that additional issues regarding the '316 Patent need not be tried. (ECF No. 168, Visteon's Resp. to Garmin's Mot. Summ. Judg. 6 n. 7.) Both Visteon's motion to amend its final infringement contentions, as well as the parties' motions for summary judgment, have been referred to Special Master Methvin for report and recommendation.

2.) In support of its contention that Visteon has "reversed course," Garmin cites to the Special Master's Claim Construction Report and to the transcript of the hearing before the Special Master on Claim Construction. (ECF No. 160, Garmin's Resp. to Mot. to Amend FICs 3, citing Special Master's Claim Construction Report, ECF No. 67-2, 99-100; Claim Construction Hr'g Tr., ECF No. 63 121:14-122:9.) At the Claim Construction hearing, Visteon insisted that Garmin improperly conflated the "navigation system" with the "navigation computer," and did not dispute that the "navigation computer" (as opposed to the "navigation system") was a separate component from the "vehicle controller." (ECF No. 65, Claim Constr. Hr'g Tr. 121.) In his Report and Recommendation on Claim Construction, the Special Master rejected Garmin's attempt to add a limitation that the "navigation system" be separate from the "vehicle controller," finding that Garmin had failed to explain what is meant by "separate from" in the computer-related environment of the '316 Patent, also finding that the mere representation of the vehicle controller and the navigation computer in separate boxes on the patent diagrams does not define their electronic configuration. (ECF No. 67-2, 100; ECF No. 96, Special Master's Resp. to Parties' Objections to Claim Construction 22.) Thus, the Special Master agreed with Visteon in rejecting Garmin's proposed construction that would require that the navigation system be separate from the vehicle controller. Garmin argues that in its Supplemental FICs, Visteon has reversed course on this position.

Without reaching the merits of Garmin's "reversing course" argument, the Court observes as an initial matter that Garmin had notice of Visteon's Supplemental Infringement Contentions on September 14, 2012, two weeks before the parties' opening expert reports were due and two months before the close of expert discovery. *See* Ninth Amended Joint Rule 26(f) Report of Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC and Garmin International, Inc.

(ECF No. 147-1, ¶ 5, Expert Discovery.) Although Visteon served its Supplemental FICs after the close of fact discovery, Garmin does not contend in its response to Visteon's motion to amend that Garmin will be prejudiced by its inability to conduct further fact discovery on the allegedly "new" theory of infringement. Garmin complains that Visteon's contention that the CPU and the vehicle controller must be separate components "reverses course" from its prior infringement contentions and thus "moots" many of the defenses that Garmin has spent time and money working to defend against. Specifically, Garmin responds that:

> Visteon's conduct is beyond the pale: It litigated this entire case arguing that **two claim elements** could be **one component**, and then criticizes Garmin's expert for applying Visteon's own theory.
>
> Visteon's change in theory did not help Garmin narrow its defenses; it unilaterally mooted many of those defenses, and wasted Garmin's time and money. Garmin's counsel and expert spent hundreds of hours understanding and invalidating Visteon's previous infringement theory. Expert costs alone related to this work exceed $60,000. The prejudice is palpable and real. Visteon has presented no evidence of diligence or other good cause; Garmin's prejudice is very real and substantial. Visteon's motion should be denied.

ECF No. 160, Garmin's Resp. to Mot. to Amend FICs 4 (emphasis in original).

In essence, Garmin complains that it is prejudiced by Visteon's abandonment of a prior theory of infringement, but fails to clearly articulate how it is prejudiced going forward by Visteon's supplementation of its FICs. There is no dispute that Garmin was put on notice of the Supplemental FICs before any expert reports were served, before expert depositions were conducted and before summary judgment motions were filed. Indeed, although Garmin objects to Visteon's late assertion of its Supplemental FICs, Garmin never filed a motion to strike any portion of Visteon's expert's report that relied on the Supplemental FICs and indeed Garmin addresses the substance of the Supplemental FICs in its summary judgment motion. (ECF No. 159, Garmin's Mot. Summ. Judg.

10

9-10.) Garmin never contends in its response that further fact discovery or claim construction would be necessary to enable Garmin to adequately respond to the Supplemental FICs.

Because Garmin has failed to articulate prejudice (other than the damage already incurred in preparing defenses to theories that Visteon is now allegedly abandoning, damage that has occurred regardless of whether or not Visteon is permitted to amend it FICs) that will result from permitting Visteon to Supplement its FICs, and because Garmin had notice of the Supplemental FICs before expert reports were served and before expert depositions were taken, this Court would be inclined to grant the motion to amend on the basis of lack of prejudice alone, regardless of whether the Supplemental FICs in fact represent a "reverse in course" on Visteon's part. However, because Garmin relies on the Special Master's Claim Construction Report, and the parties' representations to the Special Master at the claim construction hearing, as supporting its claim that Visteon has "reversed course" and "changed theories," (*see* Garmin's Resp. at 3), the Court will refer the motion to amend to the Special Master in the first instance to pass upon the issue of whether the Supplemental FICs indeed amount to the assertion of a new theory of infringement and whether Garmin will suffer prejudice if the supplementation is permitted.[4]

---

[4] As a matter of note, Garmin's summary judgment motion attacks the '316 patent on non-enablement grounds, i.e. Garmin argues that in seeking to have the scope of the '316 Patent cover the avionics context (the Cirrus Perspective), Visteon has violated the enablement doctrine because the '316 Patent contains no teaching on how the invention would be practiced in the avionics context. (ECF No. 159, Garmin's Mot. Summ. Judg. 4-8.) Garmin argues that Special Master Methvin foreshadowed this failing at the Claim Construction Hearing when he questioned Visteon about the absence of any teaching in the '316 Patent as to how the invention would work in the context of an airplane navigation system. (*Id.* at 5; ECF No. 65, Claim Constr. Hr'g Tr. 122:25-123:19.) The Special Master held that while the preferred embodiments of the '316 Patent were directed to ground transportation, neither the inventors nor the Patent Office restricted the invention to any particular mode of transportation (ECF No. 67-1, Claim Constr. Rep. 97), thus concluding for purposes of claim construction that the term "vehicle" should be broadly construed as "a transportation device." Enablement will be addressed on summary judgment.

### C. Garmin's Request to File a Supplemental Summary Judgment Brief

Garmin took a calculated risk in opting not to address the '060 or the '408 patents in its summary judgment brief on the hope that the Court would grant its motion to stay the litigation as to those patents. This Court's Case Management Order clearly specifies that a party may file only one motion for summary judgment. The Court finds no good cause, indeed Garmin offers no such evidence, to permit Garmin to file a second summary judgment brief. Moreover, although choosing not to address the '408 and '060 patents in its own summary judgment brief, Garmin does address both the '408 and the '060 patents in its response to Visteon's motion for summary judgment, acknowledging the possibility that this Court may deny its motion to stay. (ECF No. 170, Garmin's Resp. to Visteon's Mot. Summ. Judg. 1, 8-9.) The Court will not permit Garmin to file a second or "supplemental" summary judgment motion directed to the '060 and '408 patents.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Garmin's motion to stay, DENIES Garmin's request to file a second motion for summary judgment and REFERS, in a separately-filed Order, Visteon's Motion to Amend its Final Infringement Contentions and the parties' motions for summary judgment to Special Master Methvin for report and recommendation.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 2-4-13