IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON GLOBAL TECHNOLOGIES, INC. )
and VISTEON TECHNOLOGIES, LLC,   )
                                 )
        Plaintiffs,              )
                                 )
        v.                       )   Civil Action No.:  2:10-cv-10578-PDB
                                 )
GARMIN INTERNATIONAL, INC.,      )
                                 )
        Defendant.               )
                                 )

**SPECIAL MASTER'S REPORT AND RECOMMENDATIONS RELATING TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND
FINAL INFRINGEMENT CONTENTIONS RELATED TO
CLAIM 1 OF U.S. PATENT NO. 6,097,316**

This patent infringement action is now before the Court on Visteon's Motion for Leave to Amend its Final Infringement Contentions ("FIC") relating to claim 1 of the U.S. Patent No. 6,097,316 (the "'316 patent"). Visteon's FIC was provided to Garmin on March 1, 2012; and on or about September 14, 2012, it provided Garmin with a supplemental infringement contention chart (the "Supp. FIC"). Garmin objected to the Supp. FICs, and as a result Visteon filed the subject Motion.

## I.    LEGAL STANDARD

Visteon's Opening Brief in support of its Motion provides a brief, but accurate, summary of the undisputed legal standards the Court should apply in reviewing the Motion to Amend:

" '[A]mendment of claim contentions is governed by the Court's scheduling order and Rule 16.' *Altair Engineering, Inc. v. LEDdynamics, Inc.,* No. 07-CV-13150, 2009 WL 799184, at *5 (E.D. Mich. March 24, 2009) (reversed and remanded on other grounds). Infringement contentions may be amended under Fed. R. Civ. P. 16(b)(4) only 'for good cause shown.' *Id.* 'The primary measure of Rule 16's 'good cause' standard is the moving party's *diligence in attempting to meet the case management order's requirements.*' *Andretti v. Borla Perf. Indus., Inc.,* 426 F.3d 824, 830 (6th Cir. 2005) (emphasis added by Special Master) (quoting *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)). 'The Court also shall consider prejudice to the nonmoving party.' *Altair Engineering,* 2009 WL 799184, at *5.

"In the absence of local patent rules, it may be insightful to look to those of other district courts. In the Northern District of California,[1] Patent L.R. 3-6 provides for supplementation to final infringement contentions upon a timely showing of "good cause." 'In determining whether there is good cause, the court 'considers *first* whether the moving party was diligent in amending its contentions *and then* whether the non-moving party would suffer prejudice if the motion to amend were granted.' *Vasudevan Software, Inc. v. International Business Machines Corp.,* No. C09-05897 RS (HRL), 2011 WL 940263, at *1 (N.D. Cal. Feb. 18, 2011) (emphasis added by SM) (quoting *Acer, Inc. v. Tec. Props. Ltd.,* Nos. 5:08-cv-00877, 00882, 05398, 2010 WL 3618687, at *4 (N.D. Cal. Sept. 10, 2010)). 'The party seeking to amend its contentions bears the burden of establishing diligence.' *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366-67 (Fed. Cir. 2006) (citing *Genentech, Inc. v. Amgen, Inc.,* 289 F.3d 761, 774 (Fed. Cir. 2002)). As some judges have required, the diligence requirement, in the context of local patent rules, is designed 'to prevent the 'shifting sands' approach to claim construction.'

---

[1] Note, similar analyses are employed in the Southern District of California. *See, e.g., Multimedia Patent Trust v. Apple Inc.,* No. 10-CV-2618-H (KSC), 2012 WL 4547449 (S.D. Cal. Sept. 28, 2012).

2

*LG Electronics Inc. v. Q-Lity Computer Inc.,* 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citing *Atmel Corp. v. Information Storage Devices, Inc.,* No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998))." (Visteon's Opening Brief, pages 6 & 7).

## II.   ANALYSIS

### A.   Has Visteon Established Good Cause for its Motion To Supplement/Amend Its Contentions?

#### 1.   Visteon's Opening Position

Visteon's arguments in support of its position that it has "good cause" for the amendments to the FIC are, first and foremost, based on its claim that the Supp. FICs do not assert any new theories of infringement. Rather, according to Visteon, the Supp. FICs "cite to the same functionality in the Cirrus Perspective" (the accused Garmin product) as meeting the limitations of claim 1 of the '316 patent and "merely clarify which component is responsible for this functionality." (Visteon Opening Brief, pages 8 & 9). Then, to "demonstrate the aspects of the FICs that were clarified by Visteon in it Supplemental FICs," Visteon compares the disclosures of the FIC to those found in the Supp. FIC for each element of claim 1. (Visteon Opening Brief, pages 9-13). Since Garmin only really challenges one particular set of changes that it asserts is a change in the theory of infringement, the details of this challenge will be provided next.

#### 2.   Garmin's Response Position

In support of its position, Garmin argues that Visteon has changed its theory of infringement in at least one critical aspect. Namely, Garmin relies upon the fact that in the FIC, Visteon identified the GIA 63W as both the "vehicle controller" required in the limitations in the preamble to claim 1 and as the "central processing unit (CPU)…" required in a different

3

limitation.  (Compare Exhibit M [FIC] to Exhibit I [Supp. FIC], attached to Visteon's Opening Brief).  However, Visteon admits that in the Supp. FICs, it identifies the GDU as meeting the CPU limitation instead of the GIA 63W.

According to Garmin, Visteon's expert admitted that Visteon's new theory is different. "In its Final Infringement Contentions, Visteon mapped both the 'CPU' and 'vehicle controller' claim elements to a **single** component, the GIA 63W."  *See* Ex. A, Lokshin Trans., at 99:1-6 (Visteon's expert, Dr. Anatole Lokshin, confirming both claim elements mapped to GIA 63W). But in its "Supplemental" contentions, Visteon mapped the claimed "CPU" and "Vehicle Controller" to **separate** components.  *Id*. at 100:10-101:8 (Dr. Lokshin admitting the theories in his report differ from Visteon's Final Infringement Contentions and map these claim elements to different components).

"Throughout this case, Visteon's mapping of the claimed CPU and vehicle controller to a *single* component was central to the Parties' dispute regarding the '316 Patent.  During claim construction, Garmin proposed a claim construction that made express the '316 Patent's teaching that the "CPU" (a component of the claimed "navigation system") must be separate from the claimed "vehicle controller."  *See* Special Master's 1st Claim Construction Report (Doc. No. 67-1) at 99-100.  Visteon adamantly objected and contended that Garmin had identified "no evidence that shows the navigation system is separate from the vehicle controller." Claim Construction Hearing Trans. (Doc. No. 63-A) at 121:14-122:9.  Now, Visteon has entirely reversed course to contend that the CPU and vehicle controller must be separate components, rather than a single component as it alleged in its final infringement contentions." (Garmin's Response Brief, pages 2,3).

4

### 3. Visteon's Reply

In its reply, Visteon does not directly challenge any of the factual statements presented by Garmin and noted above. Instead, Visteon renews its position that the Supp. FICs do not reflect any "new theories" of infringement. In support of this position Visteon argues:

> Visteon's position on direct/indirect infringement has not changed; nor does Visteon now assert an infringement theory not previously asserted (such as infringement under the doctrine of equivalents). No new patents or patent claims are asserted in Visteon's Supplemental FICs. No newly accused products exist. Rather, Visteon has merely pointed to a different element in the **same accused products** as meeting one of the limitations of the **same claims** of the **same patent** that has been asserted all along. Indeed, the accused functionality of the Cirrus Perspective remains the same.… [The] Supplemental FICs … clarified which components of the Cirrus Perspective satisfies the claim element of the '316 Patent…. (Visteon Reply, pages 1,2).

### 4. Special Master's Analysis and Recommendation

a. *First Issue to Resolve: Do the Supplemental FICs represent a change in Visteon's theory of infringement?* In the portion of Visteon's Reply cited above, Visteon admits that the Supp. FICs do, in at least one significant respect, identify different elements in the accused products as meeting the claims limitations, than were identified in the FIC. Visteon seeks to gloss over this critical fact by not highlighting "different elements" and by asserting that the Supp. FIC "merely pointed to a different element." As Garmin's arguments make clear, however, this change in identification of which elements in the accused devices meet the claim limitations is a change in Visteon's infringement contentions – pure and simple. It is undisputed that to prove infringement, Visteon must identify the element or elements in the accused product that meet each of the claim limitations. In the FIC, it identified one element, the GIA 63W as satisfying both the preamble (vehicle controller) and the CPU limitations. In the Supp. FIC, it identified a different element to meet the CPU limitation and dropped the GIA 63W as meeting the CPU limitation.

5

Although in connection with it Motion for Leave, Visteon vigorously defends its position that the Supp. FIC only "clarifies" its infringement position, its response to Garmin's Motion for Summary Judgment regarding the '316 patent, clearly belies its own position. In particular, the following quote from its Response to this motion, shows that Visteon has now abandoned its original FIC in favor of the Supplemental FIC:

> "Visteon has moved for leave to amend/supplement its FICs. Dkt. No. 154. That motion is fully briefed and Visteon respectfully requests that the Court decide that motion before ruling on Garmin's Motion for Summary Judgment regarding the '316 patent. In other words, **if the Court denies Visteon's Motion for Leave to Amend**, while Visteon will retain the right to appeal <u>that</u> decision as a part of any appeal from the Court's final judgment, **Visteon will stipulate that additional issues regarding the '316 patent need not be tried**. " (footnote 7, page 6 , Visteon Response Brief filed in connection with Garmin's Motion for Summary Judgment regarding the '316 patent). (Emphasis added.)

By admitting that it doesn't want to go to trial on the original FICs, Visteon position in this footnote makes clear that the Supp. FIC was more than a mere clarification of its original FIC. This statement is tantamount to an admission that the original FIC did not correctly identify the allegedly infringing elements in the accused products. If it had, there would be no reason not to go to trial on the original FIC.

In sum, it is clear that its Supp. FIC represents a material change in positions as to the elements in the accused devices that meet the claims of the '316 patent. Since Visteon has amended its theory of infringement, the law requires that it demonstrate "good cause" for the amendment.

     *b. Next issue: Has Visteon met its burden of establishing good cause?* The legal standards, cited by Visteon and quoted earlier, make clear that "The primary measure of Rule16's 'good cause' standard is the moving party's **diligence in attempting to meet the case management order's requirements**." (emphasis added) (*Infra*).

6

Apparently Visteon, in its mistaken belief that the Supp. FIC makes no changes in its theory of infringement of the '316 patent, elected not to present any facts or arguments to attempt to show it had been diligent in presenting the Supp. FIC at the time the original FIC was due. It offered no excuses for its inability to timely file the contentions now in the Supp. FIC. Rather, Visteon spends a great deal of time trying to prove that Garmin had plenty of notice of changes and didn't object or attempt to strike expert reports. Garmin's conduct of the type belabored by Visteon, however, is not at issue here, as it had no burden to do anything by way of pleadings to object to the Supp. FIC. Visteon, of course, recognized its burden and filed this Motion. Since Visteon has not met its burden of establishing good cause for not bringing the Supp. FIC positions at the time the original FIC was due, its Motion to amend should be denied, and the Special Master recommends this course of action to the Court.

Dated October 25, 2013

Respectfully Submitted,


Gaynell C. Methvin

Special Master