**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| VISTEON GLOBAL TECHNOLOGIES, INC. ) <br> AND VISTEON TECHNOLOGIES, LLC ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GARMIN INTERNATIONAL, INC. ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No.  2:10-cv-10578--PDB-MAR |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: DEFENDANT
GARMIN'S MOTION FOR LEAVE TO AMEND RESPONSES
TO REQUESTS FOR ADMISSION AND TO CORRECT
SUMMARY JUDGMENT RECORD**

This patent infringement action is now before the Court on Defendant's Motion, pursuant to FED. R. CIV. P. 36(b), for leave:  i) to amend its responses to Plaintiffs' Amended First Set of Requests for Admission to correct a clerical error contained therein, and ii) to correct the associated record with respect to Plaintiffs' Motion for Partial Summary Judgment. The merits of this motion have been fully briefed by the parties.

In summary, it is the Special Master's recommendation that the Court grant Garmin's Motion for Leave. This report represents the Special Master's analysis of the facts and law in support of this recommendation.

## I.   **The Relevant Undisputed Facts**

### A.   The Undisputed Facts relating to the Requests for Admission

The following recitation of facts, taken from Garmin's opening brief, are not in serious dispute*:

"On February 7, 2012, Visteon served its First Set of Requests for Admission ("RFAs") on Garmin.  Ex. A, Visteon's First Set of RFAs.  Visteon's First Set included RFA Nos. 1-149.  *Id*.  On February 29, 2012, Visteon replaced its First Set of RFAs with an amended set by serving Visteon's Amended First Set of RFAs on Garmin.[1]  Ex. B, Visteon's Amended First Set of RFAs.  The amended set included RFA Nos. 1-158, which revised the language of various RFAs and added nine (9) new RFAs at various places throughout Visteon's original RFA Nos. 1-149.[2] *Id*.  Garmin served its responses on April 2, 2012.  *See* Ex. D, Garmin's Responses to Visteon's Amended First Set of RFAs.  April 2, 2012 was the close of fact discovery in this matter.[3]  *See* Dkt. 109-1 at ¶ 2(D).

---

* Visteon contends that the claim of "clerical error" "merits close scrutiny, if not disregard." See Visteon Brief, page 12. This contention and arguments and law cited to support the statement, do not in any way distract from the fact that there was a clerical error that caused Garmin's responses to the amended request for admission to not track the request. Visteon's position on this point is without merit and should be disregarded by the Court.

[1] On March 5, 2012, Garmin's counsel confirmed with Visteon that Visteon's amended First Set of RFAs replaced Visteon's original First Set of RFAs.  Ex. C, E-mail from P. Hart, dated March 5, 2012.

[2] Visteon's RFA Nos. 7, 16, 25, 34, 43, 52, 61, 69, and 78 from Visteon's Amended First Set of RFAs were all new RFAs that Visteon added; each of these new RFAs sought admissions regarding whether Garmin "induces" certain user actions.  *Compare* Ex. A *with* Ex. B.

[3] As the Court is aware, the parties agreed to a separate discovery period that commenced on April 2, 2012, but this discovery period only pertained to Navigon-related discovery. *See* Dkt. 109-1 at ¶ 2(D), ¶¶ 10-11.

"Due to a clerical error, while attempting to respond to the *amended* First Set of RFAs, Garmin's responses had mistakenly been inserted into a document "shell" that corresponded to Visteon's *original* First Set of RFAs. Ex. E, Declaration of Eric Buresh, dated March 1, 2013 ("Buresh Dec.") at ¶ 7. As a result, the document Garmin served on April 2, 2012, entitled "Garmin International, Inc.'s Response to Visteon's Amended First Set of Requests For Admissions," included responses that were offset from and did not correspond to Visteon's RFA Nos. 1-158 in Visteon's Amended First Set (*i.e.*, Garmin's document did not accurately repeat the text of those RFAs that Visteon had revised and Garmin's numbering of Visteon's RFAs was incorrect where Visteon had added new RFAs). *Compare* Ex. D, Garmin's April 2 Responses *with* Ex. B, Visteon's Amended First Set of RFAs. The underlined portions of the two versions of RFA No. 43 below provide an example. Visteon's *amended* RFA No. 43 recited:

> 43.    Admit that Defendant <u>induces users of the Representative Product to use</u> the "Finding a Location by Spelling the Name functionality as described on page 6 of the Manual.

Ex. B, Visteon's Amended First Set of RFAs at No. 43 (emphasis added). Garmin's responses, however, transcribed Visteon's *original* RFA No. 43, which was worded differently:

> **REQUEST NO. 43.**    Admit that Defendant <u>expects that Garmin Customers will use</u> the "Finding a Location by Spelling the Name" functionality as described on page 6 of the Manual when using the Representative Product.
>
> **RESPONSE:**    Garmin admits that it expects users of the Representative Product to use the product as designed. Garmin has no reason to believe users of the Representative Product would not, as described on p. 6 of the Manual, use the "Finding

a Location by Spelling the Name" functionality to search for a
particular POI by entering all or part of the POI name.  To the
extent a further admission is sought through this request, it is
denied.

Ex. D, Garmin's Responses to Visteon's Amended First Set of RFAs at No.
43; *see also* Ex. A, Visteon's Original First Set of RFAs at No. 43."

(Garmin's Brief, pages 4 and 5)

As will be seen below, Garmin did not immediately catch its error and
Visteon did not make direct contact with Garmin on the issue. However,
according to Visteon, Garmin was given several opportunities to learn of its
error and respond. The facts relating to these missed opportunities and
Visteon's use of Garmin's errors are included in the next section of this
report.

B.      The Undisputed Facts Relating to Visteon's References to the
        Requests for Admission in documents provided to Garmin

1.      Visteon's first reference to the alleged admission as to RFA No.
43, was in the initial expert report of Visteon's expert, Dr. Anatole Lokshin.
This report was served on Garmin on September 28, 2012. The following are
representative paragraphs from Dr. Lokskin's report:

"63. Moreover, in reviewing Visteon's Requests for
Admission alongside Garmin's Responses to Visteon's
Requests, I understand that Garmin has admitted to inducement
of infringement of the '060 patent.  Visteon's Request for
Admission Nos. 7, 16, and 25 request that Garmin admit that it
induces users of the nüvi 3750 to "change the calculation
modes as described on page 50 of the Manual," "use the turn
list as described on page 24 of the Manual," and "use the detour

functionality as described on page 9 of the Manual," respectively. (*See* Exhibit F, Visteon's First Amended Set of Requests for Admission to Garmin.)

64.    Counsel for Visteon informs me that Garmin failed to respond to these Requests for Admission, and in doing so admits that it induces users of the nüvi 3750 to "change the calculation modes as described on page 50 of the Manual," "use the turn list as described on page 24 of the Manual," and "use the detour functionality as described on page 9 of the Manual." (*See* Exhibit G, Garmin's Responses to Visteon's First Amended Set of Requests for Admission to Garmin.)

147.   Moreover, in review of Visteon's Requests for Admission alongside Garmin's Responses to Visteon's Requests, I understand that Garmin has admitted to inducement of infringement of the '408 patent. Visteon's of (sic) Request for Admission No. 43 requests that Garmin admit that it induces users of the nüvi 3750 to "use the 'Finding a Location by Spelling the Name' functionality as described on page 6 of the Manual." (See Exhibit F, Visteon's First Amended Set of Requests for Admission to Garmin.)

148.   Counsel for Visteon informs me that Garmin failed to respond to the Requests for Admission, and in doing so admits that it induces users of the nüvi 3750 to "use the 'Finding a Location by Spelling the Name' functionality as described on page 6 of the Manual." (See Exhibit G, Garmin's Responses to Visteon's First Amended Set of Requests for Admission to Garmin.)"

2.    Visteon's next reference to the alleged admissions to Visteon's RFA No. 43 was in connection with its Motion for Partial Summary Judgment, where Visteon stated: "In responding to Visteon's Requests, Garmin ignored No. 43, specifically admitting that it 'induces users of the

Representative Product to sue the 'Finding a Location by Spelling the Name' functionality as described on page 6 of the Manual.'" (Dkt. 157 at 18).

3.      Visteon's final reference to the alleged admissions at issue came on January 11, 2013, when Visteon filed its Reply in support of its Motion for Partial Summary Judgment.  *See* Dkt. No. 174 at 5 ("Garmin admitted inducement of the claimed 'Finding a Location by Spelling the Name' functionality by failing to respond to a request for admission directed to that very point.").

Of course the parties differ radically as to the legal ramifications of the foregoing undisputed facts. Their respective arguments will be reviewed following a brief statement of the applicable legal principles.

## II.   **Applicable Law**

### A.   Legal standards relied on by Garmin

"Federal Rule of Civil Procedure 36(b) provides that the Court may permit withdrawal or amendment of responses to Requests for Admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  FED. R. CIV. P. 36(b).  "A district court has considerable discretion over whether to permit withdrawal or amendment of admissions."  *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (affirming district court's order allowing party to withdraw an admission).

"Generally, a court should permit a late response, or allow the withdrawal of previous admissions, 'when (1) the presentation of the merits

2:10-cv-10578-PDB-DRG   Doc # 205   Filed 10/25/13   Pg 7 of 24   Pg ID 13335

will be aided and (2) no prejudice to the party obtaining the admission will result.'" *Dupuis v. City of Hamtramck*, No. 2:06-CV-14927, 2008 WL 4615655, at *1 (E.D. Mich. Oct. 16, 2008) (quoting *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2nd Cir. 1983)) *objections overruled*, 2008 WL 4793395 (E.D. Mich. Nov. 3, 2008). "Further, the prejudice contemplated by the rule 'is not that the party who obtained the admission will have to convince the jury of the truth of the matter.' 'The prejudice contemplated by the rule relates to the difficulty a party may face because of the sudden need to obtain evidence required to prove the matter that had been established.'" *Id.* (quoting *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991)).

"As to the first prong of Rule 36(b), the court in *Ropfogel* collected cases from various jurisdictions and identified factors that a district court may consider in determining whether allowing amendment would promote the presentation of the merits of the case. *Ropfogel*, 138 F.R.D. at 582-83. The factors identified in *Ropfogel* include (1) whether the admission is contrary to the record in the case; (2) whether an admission is no longer true because of changed circumstances; (3) whether, through an honest error, a party has made an improvident admission; and (4) whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits. *Id.* (Garmin's Opening Brief, pages 8 and 9).

Garmin also cites to *Freeman v. City of Detroit*, 274 F.R.D. 610, 613-14 (E.D. Mich. 2011) for two governing principles: (1) "There is no prejudice in requiring a plaintiff to perform the tasks he originally set out to fulfill by bringing a lawsuit. Requiring [plaintiff] to prove his case and attempt to prevail on the merits 'is the most fundamental one for the plaintiff and cannot be considered prejudicial under any circumstance." (quoting

7

*EEOC v. Rent–A–Center, Inc.*, No. 99-2427, 2001 WL 1906273, at *3 (W.D. Tenn. Nov. 30, 2001)).    (2) A party would not suffer prejudice that is cognizable under Rule 37(b) because "[t]he requests for admission did not influence Plaintiff in his decisions in discovery, i.e., he did not decide whose depositions to take or what interrogatories to propound based upon the defaulted admissions.").

Finally, Garmin provides the Court with the following cites in support of its motion:  *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) ("We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."); *see also  Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000) (holding that preparing a summary judgment motion by relying on admissions does not constitute prejudice); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (holding that court abused its discretion in not permitting amendment because "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.").

   B. <u>Legal Standards Relied on by Visteon</u>

"With regard to requests for admission under the Federal Rules, '[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.' Fed. R. Civ. P. 36(a)(3).  The Federal Rules provide further guidance in requiring that '[a] matter admitted under this rule is conclusively established

unless the court, on motion, permits the admission to be withdrawn or amended.'" Fed. R. Civ. P. 36(b).[4]

"The Sixth Circuit reviews a denial of a motion to withdraw an admission for abuse of discretion. *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997). However, '[c]ourts should be cautioned in exercising discretion to permit withdrawal or amendment of admissions.' *O'Neil v. Medad*, 166 F.R.D. 19, 22 (E.D. Mich. 1996). Indeed, Rule 36(b), Fed. R. Civ. P. 'provides that a court has authority to allow withdrawal *only* when (1) presentation of the merits will be aided *and* (2) <u>no</u> prejudice to the party obtaining the admission will result.' *Id.* (italics in original; underlining added). In this regard, a 'Court is not required to permit withdrawal of an admission even if both the merits and prejudice issues cut in favor of the party seeking the withdrawal.' *Id.* (quotations omitted).[5] 'A *per se* rule that a court must permit withdrawal of an admission simply because it relates to an important matter in the litigation is inappropriate in light of the discretionary language of the Rule and its purpose: to narrow the issues, thereby avoiding litigation of unessential and undisputed facts.' *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 108 (D. Del. 1988)."

"Though not controlling, because of factual parallels, the decision in *Zimmermann v. Cambridge Credit Counseling Corp.*, is instructive. 529 F.

---

[4] While the withdrawal provision of Rule 36 does consider the importance of the presentation of the merits, the provision also operates to "assur[e] each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36(b), Advisory Committee's Notes.

[5] Indeed, the Kansas decision cited by Garmin states that a "court is not required to allow withdrawal of an admission even if both the merits and prejudice issues cut in favor of the party seeking the withdrawal . . ." and denied defendant's motion to withdraw admissions made by failing to respond timely to plaintiff's requests for admission. *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991).

Supp. 2d 254 (D. Mass. 2008).  In *Zimmermann*, the court denied a request to withdraw admissions finding that '[t]he danger of prejudice resulting from the withdrawal of admissions is a special matter for concern where discovery has already run its course based on the premise that the admissions are valid.' *Id.* at 269; *see also Lee v. Sheller Globe Corp.*, 115 F.R.D. 469, 470 (D. Miss. 1985) (denying motion to amend and finding prejudice where opposing party had forgone discovery directed at the issues concluded by the admission).  Notably, if 'parties "cannot depend on the binding effect of admissions obtained under the rule, they cannot safely avoid the time, effort, and expense of preparing proof of the matters of which they have secured admission and the purpose of [Rule 36] is frustrated.'" *Id.* at 269-70 (citing *Tidwell v. Daley*, No. 00-1646, 2001 U.S. Dist. LEXIS 18491, at * 3 (N.D. Ill. Nov. 9, 2001))."

"The court in *Zimmermann* first found that the plaintiff would be prejudiced because it had relied upon the admissions in support of its motion for class certification.  *Id.* at 269; *see also In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d 651, 661 (E.D. Va. 1999) (same, but regarding a motion for summary judgment).  The *Zimmermann* court also noted that if the motion to withdraw was granted, the plaintiff "would . . . have to re-depose [a witness] on several issues in order to bolster their arguments." *Id.*  And lastly, in response to the defendant's suggestion that its delay in responding was due to 'inadvertence,' the court characterized that excuse instead as comprising "extreme negligence and [cited] its catastrophic impact on the management of [the] case" in ultimately denying the motion.  *Id.* at 267."

(Visteon's Brief in Opposition, pages 7 to 9)

**III.     Garmin's Position Regarding Visteon's References to the Request for Admission**

As noted in Section I. above, Visteon made several references to the responses filed by Garmin, before Garmin finally sought to correct the errors at issue. As to its failure to respond to these various references sooner than it actually did, Garmin provides the Court with its version of how the attorneys responsible for the case viewed these references.

As to the references found in Dr. Lokshin's report (see Section I.B. above):

"Other than suggesting that Dr. Lokshin compared the requests to the responses 'alongside' each other, Visteon did not indicate any lack of correspondence between Visteon's RFA No. 43 and Garmin's Response No. 43. *See id.*  And the portion of RFA No. 43 Visteon chose to quote in the report (i.e., 'use the 'Finding a Location by Spelling the Name' functionality . . .') was entirely consistent with Garmin's transcription of RFA No. 43 because that portion of RFA No. 43 had not changed between Visteon's original set and Visteon's amended set.  *Compare* Ex. A, Visteon's Original First RFAs at No. 43; Ex. B, Visteon's Amended First RFAs at No. 43; *and* Ex. D, Garmin's Responses at No. 43.  Garmin found Visteon's assertion that Garmin had 'failed to respond to the Requests for Admission' odd at the time, but Garmin reviewed its response to RFA No. 43 and concluded that it had not failed to respond.  Ex. E, Buresh Dec. at ¶ 8.  As a result, Garmin remained unaware of its clerical error.  *Id.*

"Visteon again referenced an alleged admission to Visteon's RFA No. 43 in connection with Visteon's Motion for Partial Summary Judgment.  *See*

Dkt. 157 at 18 ('In responding to Visteon's Requests, Garmin ignored Request No. 43, specifically admitting that it 'induces users of the Representative Product to use the 'Finding a Location by Spelling the Name' functionality as described on page 6 of the Manual.').  Garmin was again confused by this reference because Garmin's counsel again reviewed Garmin's responses and saw that it had responded to Visteon's RFA No. 43. Ex. E, Buresh Dec. at ¶ 9.  This time, Garmin's counsel noticed that Visteon had purported to quote the word 'induces' and Garmin's counsel, upon reviewing RFA No. 43 in Garmin's responses, believed that Visteon had misquoted the language of the RFA.   *Id*.   Garmin's confusion is demonstrated in its Brief opposing Visteon's Motion for Partial Summary Judgment:

> Visteon suggests that Garmin ignored Visteon's Request for Admission No. 43 and therefore admitted that Garmin "induces users of the Representative product to use the 'Finding a Location by Spelling the Name' functionality as described on page 6 of the Manual." Br. at 18.  Garmin made no such admission. First, Visteon misquotes this request as it did not ask about whether Garmin "induces" anything.  Second, Garmin merely stated that it would expect users would use the "Finding a Location By Spelling A Name" functionality and denied the remainder of the request.

Dkt. 170 at 16, n.6 (emphasis added).  After Garmin made this statement unquestionably demonstrating the ongoing confusion, Visteon again did not contact Garmin's counsel to clarify.

"Instead, Visteon, for the first time, explained Garmin's clerical error in a footnote in Visteon's Reply Brief (Dkt. 174) in support of Visteon's Motion for Partial Summary Judgment.  *See* Dkt. 174 at 5, n.5 ('Garmin's

Response regarding user expectation **does not correspond** with Visteon's Request No. 43 regarding inducement. Cf. Dkt. No. 157-18 at 7; Dkt. No. 157-19 at 16-17.') (emphasis added).   After reading this footnote in Visteon's Reply Brief, which was filed on January 11, 2013, Garmin's counsel discovered for the first time that it had made the above-referenced clerical mistake in Garmin's Responses to Visteon's Amended First RFAs. Ex. E, Buresh Dec. at ¶ 10.

"In response, Garmin promptly prepared a set of Amended Responses to Visteon's RFA's remedying the error and attached them to a January 23, 2013 letter to Visteon's counsel expressing Garmin's disappointment that Visteon's counsel had not brought this obvious clerical error to their attention earlier.  Ex. F, Letter from Mudd to Malik, dated January 23, 2013; Ex. G, Garmin's Amended Responses to Visteon's First Amended Set of RFAs.  In that letter, Garmin requested that Visteon agree to not oppose a motion by Garmin, pursuant to Rule 36(b), to perfect these amended responses, and that Visteon agree to a procedure to correct the summary judgment record.  *Id.*  Unfortunately, Visteon informed Garmin on January 30, 2013 that it would oppose Garmin's requested relief.  Ex. H, Letter from Malik to Mudd, dated January 30, 2013."

(Garmin's Opening Brief, pages 6-8).

## IV.   <u>Review and  Analysis</u>

First, before turning to the parties arguments, it must be noted that the foregoing recitations show that until Visteon made it clear it was relying on the alleged admissions to support its motion for summary in the footnote cited above, Garmin consistently viewed the errors as ones made by Visteon,

not Garmin.  It is not surprising that Garmin's counsel elected to rely on his or her own analysis of the facts, rather than believe Visteon's assertions. Of course Visteon takes the position that "Dr. Lokshin's Expert Report put [Garmin] on notice of its failure to respond to certain of Visteon's RFAs". Visteon takes the same position regarding the other references it made to the RFAs outline above. (See Visteon Brief pages 4, 5).  Obviously, Garmin didn't get the notice even if Visteon thinks it should have. It is clear that Garmin made a *bona fide* analysis of these references that turned out to be wrong. While unfortunate, the series of honest mistakes should not lead the Court to deny the motion to amend, unless Visteon demonstrates that Garmin has failed to satisfy the two prong requirements of Rule 36 (b). Following these guide lines requires a review and analysis of two issues: (1) would granting of the motion "promote the presentation of the merits of the action"; and, (2) do the facts show that granting the motion would not "prejudice the requesting party in maintaining or defending the action on the merits."  FED. R. CIV. P. 36(b).

A.   Would Granting the Motion Promote the Presentation of the Merits

Unless the Court grants the motion, Garmin will be deemed to have admitted that it induced infringement by its efforts to sell certain products. As noted, Visteon seeks summary judgment of this serious issue based on Garmin's failure to properly respond to the request for admission. Obviously, granting the motion to amend will cause this underlying evidence in support of the summary judgment to evaporate. As a consequence, the actual merits of this issue will be presented to and considered by the Court and jury.

Although Visteon has a lot to say in the section of its brief titled "Allowing Garmin to Withdraw it Admissions Will Not Promote Presentation of the Merits", (See Visteon's Opening Brief, pages 9 to 14) very little of the arguments relates to the issue at hand. Visteon opens this section with a recitation of what it perceives to be past discovery abuses on the inducement issue (pages 9 and 10). None of this recitation is relevant or even comes close to addressing the issue at hand. Next, Visteon jumps to the issue of prejudice (pages 10-12), which again is not consistent with issue under review, but will be addressed below. Next, Visteon attacks the *bona fides* of Garmin's actions relating to not only its initial error, but also its failure to catch the error when Visteon made various references to the request (outlined above). (page 12). Again, none of the arguments here are relevant to the issue at hand, are not persuasive on any issue and should be disregarded by the Court.   Likewise, Visteon repeated reliance on *Zimmerman v. CCCC*, 529 F. Supp. 2d 254 (D. Mass. 2008) is misplaced. As pointed out by Garmin:

> "[T]he facts in the present case are entirely contrary to those in *Zimmerman*. "There, the defendants had made a *deliberate* tactical decision to not respond to a set of RFAs *in their entirety* while the case proceeded through two years of discovery following that decision not to respond where neither party disputed the underlying substantive issue. *Id*. at 267-68. Those facts are worlds apart from the present scenario and further highlight the conclusion that Visteon's discovery decisions could not have been influenced by Garmin's close of discovery mistake." (Garmin's Reply Brief, page 4).

Finally, Visteon closes its presentation on this issue with the following arguments:

"*With* regard to whether upholding Garmin's admissions would eliminate **any** presentation of the merits, Garmin's failure to respond to Visteon's Request Nos. 7, 16, 25, 43, 52, 61, and 78 does indeed constitute its admission as to elements of Visteon's inducement claims, including the requisite specific intent. *See Custom Design of Nashville v. Alsa Corp.*, 727 F. Supp. 2d 719, 724-25 (M.D. Tenn. 2010) (finding requisite intent for inducement based on an admission of inducement). Garmin waffles on this point so as to diminish the legal import of its admissions, *see* Garmin's present Motion (Dkt. No. 186); yet the fact remains that, regarding inducement, Visteon has to prove damages and survive Garmin's invalidity defenses in order to prevail. So while Garmin's admissions may well eliminate a presentation of the merits as to some issues (what relevant admission would not have that effect?), Garmin's admissions do not equate to a judgment for damages." (Visteon Brief, page 13)

Garmin's response to this final argument fairly and accurately points out the fallacy in Visteon's positions on the first requirement of Rule 36 (b):

"Despites pages of argument purportedly addressed to the factor of "promot[ing] a presentation of the merits," Visteon's only argument on point is its contention that deeming the subject RFAs admitted "do[es] not equate to a judgment for damages." Opp. at 13. But if Visteon were correct that Rule 36(b) required a judgment to result, the requirement would all but swallow the rule. Visteon offers no authority that Rule 36(b) bridles a court's discretion to such an extreme extent. And, indeed, both the plain language of the rule and Sixth Circuit precedent demonstrate that this factor considers whether the merits will be promoted, served, or aided, which Visteon does not dispute, and does not require a tantamount "judgment for damages." *See* Fed. R. Civ. P. 36(b) ("promote a presentation of the merits…"); *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (finding this factor met where "the presentation of the merits of the jurisdictional issue was served by allowing the withdrawal of the admission" and affirming withdrawal of admission); *see also Clark v. Johnston*, 413 Fed. Appx. 804, 818 (6th Cir. 2011)

16

(finding that "[t]he defendants' admissions certainly <u>could have</u> <u>affected the merits</u> of the underlying claims" and affirming withdrawal of admission). Despite the plethora of innuendo, Visteon never actually disputes that Garmin committed an "honest error" in preparing its RFA responses, or that Visteon knew it was seeing at a mistake. *See* Garmin Br. (Dkt. 186) at 9; *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991) (considering "honest error" as a factor). By allowing Garmin to correct its clerical mistake, the Court can insure that the issue of inducement is fairly considered on the merits." (Garmin's Reply Brief, pages 2 and 3)

In light of the foregoing, it is the Special Master's recommendation that the Court find that allowing correction of the errors in Garmin's responses to certain request for admission would " promote a presentation of the merits of the action."

B.   <u>Would Granting the Motion Prejudice Visteon in Maintaining</u> <u>or Defending the Action on the Merits?</u>

1.   Would Visteon be Prejudiced if it is Required to Prove the Truth of the Matters Sought by its Amended RFAs?

As noted earlier, if the Court grants Garmin's motion to amend, Visteon motion for partial summary judgment on the issue of inducing infringement, based on Garmin's erroneous responses, will be seriously undermined if not rendered moot. As a result, Visteon will be required to prove the inducement issue to the jury. However, the law is quite clear that such a result is not a basis for a claim of prejudice. *See, e.g., Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (affirming district court's order allowing party to withdraw an admission); *Freeman v. City of Detroit*, 274 F.R.D. 610, 613-14 (E.D. Mich. 2011) ("There is no prejudice in requiring a plaintiff to perform the tasks he

originally set out to fulfill by bringing a lawsuit.  Requiring [plaintiff] to prove his case and attempt to prevail on the merits 'is the most fundamental one for the plaintiff and cannot be considered prejudicial under any circumstance.'") (quoting *EEOC v. Rent–A–Center, Inc.*, No. 99-2427, 2001 WL 1906273, at *3 (W.D. Tenn. Nov. 30, 2001)).

Based on the foregoing it is recommended that the Court answer the question posed in the negative.

2.     Did Visteon Forego Additional Discovery in Reliance on Garmin's Responses to the Request for Admissions?

It is undisputed that Garmin filed it erroneous responses to the Amended RFAs on April 2, 2012, the last date for fact discovery. Thus, the issue at hand can be restated as follows: What additional discovery could Visteon have pursued had Garmin served the responses it now seeks to file? Garmin asserts that:

> "Visteon, therefore, cannot possibly claim that it chose not to take other discovery in reliance on Garmin's responses, because Garmin's responses were not even due until the close of discovery.  *See*, *e.g.*, *Freeman v. City of Detroit*, 274 F.R.D. 610, 613 (E.D. Mich. May 24, 2011) (holding that party would suffer no prejudice cognizable under Rule 36(b) because "[t]he requests for admission did not influence Plaintiff in his decisions in discovery, i.e., he did not decide whose depositions to take or what interrogatories to propound based upon the defaulted admissions.").

As to the issue of whether Visteon altered its discovery plans  due to Garmin's responses to the Amended RFAs, Visteon's Opposition initially ignores this critical issue. Instead, as to discovery relating to inducement, Visteon starts its brief with a review of what it perceives as past discovery abuses relating to "Garmin's state of mind". Clearly, this review (pages 6

and 7) is irrelevant to the issue at hand. The review was obviously included to try to bias the Court in Visteon's favor, and enable Visteon to claim that the "present Motion is but one facet of Garmin's multi-faceted campaign to prevent Visteon from gaining legitimate discovery regarding Garmin's corporate state of mind."(page 7). This conclusion does not address the issue at hand. It is, at best, pure speculation and, accordingly, it is recommended that the Court give it no weight in judging the merits of the pending motion.

Visteon's follows up the foregoing arguments with cites to various statements of law (cited above) relating to potential prejudice in allowing an amendment "where discovery has already run its course based on the premise that the admissions are valid." (*Zimmerman)*, or "where the opposing party had forgone discovery directed at the issues concluded by the admissions" (paraphrase of *Lee v.Sheller)*. As noted by Garmin earlier in this report, the facts in the *Zimmerman* case are entirely different from those before the Court. Further and importantly, Visteon fails to demonstrate in what respects it had foregone discovery on the inducement issue in reliance on Garmin's responses to the Amended RFAs. Visteon does allege that it "forwent a fact witness on Topic No. 123 [corporate intent –with respect to inducement]" and "served its Amended RFAs". But Visteon could not have possibly forwent any fact witnesses in reliance on a response that had not been made. Indeed, Visteon could not have reasonably expected Garmin to admit away a critical issue in the case. Nothing in the record before the Court in any way indicates that prior to the erroneous responses, Garmin had indicated it would cave on the issue. Visteon never advises the Court of the specific discovery it could have obtained if Garmin had filed the responses to the Amended RFAs it now seeks to file.

In brief, Visteon has not demonstrated any prejudice to its discovery and, accordingly, the issue at hand should be answered in the negative.

3.      Will Granting Garmin's Motion Result in Prejudice to Visteon Based on Expert Discovery?

Visteon, of course, asserts that this issue must be answered in the affirmative. For support, Visteon relies on the fact that it provided Garmin's erroneous responses to its expert, Dr. Lokshin, and, in turn, Dr. Lokshin relied on the responses in preparing several parts of his report, filed in support of Visteon's motion for partial summary judgment. As can be readily seen from a review of the relevant portions of Dr. Lokshin's report, (detailed earlier in this report) however, Dr. Lokshin merely cites the fact that counsel has advised him that "Garmin failed to respond to the Requests for Admission, and in doing so it induces user of the nuvi 3750 to use" certain functions as described in the user manual for the product. This is not an expert opinion, but a conclusion based on a statement of the record as understood by Visteon's counsel. Dr. Lokshin's statements add nothing of value to the motion for partial summary judgment. As such, they carry no weight in the determination of Visteon's motion for partial summary on the inducement issue. It follows, that Visteon is not prejudiced by Dr. Lokshin reliance on Garmin's erroneous responses to the Amended RFAs.

Visteon also points to the fact that Garmin's expert, Mr. Lavrakas, did not address the alleged admissions cited by Dr. Lokshin's in his expert report and that he refused to comment on same in his deposition (Visteon

Brief, pages 15 and 16). This conduct by Dr. Lavrakas does not support Visteon's efforts to show prejudice. Indeed, it demonstrates that Dr. Lavraka recognized that Dr. Lokshin had not made a contribution worthy of comment. Dr. Lavrakas wisely elected to leave the job of dealing with the irrelevant opinions offered by Dr. Lokshin to Garmin's counsel.

Finally, Visteon asserts that now "that expert discovery is complete, granting Garmin's Motion will clearly prejudice Visteon" (page 16). As it clear from the foregoing, however, even if expert discovery was still open, there is nothing of value either of the experts can offer on the inducement issue. In the first place, this is not an area for technical expert opinion. But if it were, the record on which Dr. Lokshin could have commented, as to the inducement issue, is complete and was complete at the time his report was filed. Nevertheless, Dr. Lokshin did not rely on any facts in the record, but merely parroted statements provided by Visteon's counsel. In brief, even though expert discovery is now complete, Visteon will not be prejudiced by the granting of Garmin's Motion.

4.     Will Granting Garmin's Motion Result in Prejudice to Visteon Based on Visteon's Motion for Partial Summary Judgment?

Visteon's Motion Partial for Summary Judgment relates solely to the '408 patent in suit. The motion seeks a finding of both direct infringement and inducement of infringement, pursuant to 35 U.S.C. Sections 271(a) and 271(b). The bulk of the briefing in support of the motion is devoted to the issue of direct infringement. Very little argument is directed to the inducement issue because there is not that much to be said if, as Visteon contended, "Garmin admits that it actively induces infringement by its customer of the method claims of the '408 patent."(Visteon's Brief in

Support, page 18). Of course the linchpin of this conclusion was Garmin's erroneous responses to the Amended RFAs.  As further proof that Dr. Lokshin's report was of no value on the inducement issue, Visteon did not make a single reference to the report in any of its briefings on the subject.

Setting aside the question of whether Visteon was justified in the reliance cited above, the case law does not support such reliance as a basis for a showing of prejudice in filing a motion for summary judgment. Garmin correctly summarizes the law as follows:

> "Several Courts of Appeals have rejected this very argument, because the prejudice suffered under Rule 36 must be prejudice suffered at trial as a result of forgoing other discovery.  *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) ("We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."); *see also  Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000) (holding that preparing a summary judgment motion by relying on admissions does not constitute prejudice); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (holding that court abused its discretion in not permitting amendment because "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.").

Finally, Visteon claims prejudice by the fact that by the time Garmin took steps to correct the mistaken responses, not only had the Motion for Partial Summary Judgment been filed, but the undersigned Special Master (the "SM") had gone to work on the issue. Based on the fact that the SM had admittedly spent considerable time on the several motions referred to him by the Court, Visteon jumps to the false conclusion that the SM must have spent considerable time on the inducement issue. Based on that false conclusion, Visteon contends it would be prejudicial to waste all the time

spent by the SM in dealing with the inducement issue. As noted earlier, however, the briefing on the inducement issue was not extensive and, accordingly, very little time was required to deal with it. There is clearly no prejudice to Visteon related to time the SM may have already spent dealing with the inducement issue.

In light of the foregoing, it is recommended that the Court find that Visteon will not suffer any prejudice based on Visteon's Motion for Partial Judgment as to the inducement of infringement of the '408 patent.

## V.   **Conclusions**

Based on the foregoing analysis, it is recommended that the Court find that allowing Garmin to amend its responses will promote a presentation on the merits and will not affect a legally cognizable prejudice on Visteon under Fed. R. Civ. P. 36(b). It follows that it is recommended that Gamin's Motion to Amend be granted, that Garmin be allowed to amend its RFA responses and that its prior erroneous responses be found to be null and void.

Dated :October 25, 2013

Respectfully submitted,

Gaynell C. Methvin
Special Master

---

* According to Visteon, if Garmin's motion is granted it will necessitate "prolonging the case further by requiring depositions on Garmin's (corporate) subjective intent, new expert reports on induced and willful infringement and re-briefing of Visteon's Motion for Partial Summary Judgment." (Brief, page 18). Since discovery is closed, any further

depositions will have to come with only with leave of Court. Since the expert reports were never used in pending MSJ on inducement it hardly makes sense that new reports would be required. Furthermore, as noted earlier, such reports, if like the past, would only repeat attorney arguments and be of no value to the determination of the issues. Finally, without the erroneous admissions, it is highly unlikely Visteon will be able to find a basis for its MSJ on inducement, but if re-briefing is required it will not be prejudicial to have to do so.