UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON GLOBAL TECHNOLOGIES, INC.
AND VISTEON TECHNOLOGIES, LLC,

                        Plaintiffs,                           Case No. 10-cv-10578

                                                              Paul D. Borman
v.                                                            United States District Court

                                                              Mark A. Randon
                                                              United States Magistrate Judge

GARMIN INTERNATIONAL, INC.,

                        Defendant.

_____/

OPINION AND ORDER
(1) ADOPTING THE SPECIAL MASTER'S OCTOBER 25, 2013 REPORT AND
RECOMMENDATIONS RELATING TO PLAINTIFFS'
MOTION TO AMEND FINAL INFRINGEMENT CONTENTIONS
RELATED TO CLAIM 1 OF U.S. PATENT NO. 6,097,316 (ECF NO. 204),
(2) DENYING PLAINTIFFS' OBJECTIONS (ECF NO. 207), AND
(3) DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND FINAL INFRINGEMENT
CONTENTIONS RELATED TO CLAIM 1 OF U.S. PATENT NO 6,097,316 (ECF NO. 154)

This matter is before the Court on Plaintiffs Visteon Global Technologies, Inc. and Visteon

Technologies, LLC's ("Visteon") Objections to the Special Master's October 25, 2013 Report and

Recommendations Relating to Plaintiffs' Motion for Leave to Amend Final Infringement

Contentions Related to Claim 1 of U.S. Patent No. 6,097,316.  (ECF No. 207, Objections; ECF No.

204, Report and Recommendations.)  Defendant Garmin International, Inc. ("Garmin") filed a

Response to Plaintiff's Objections.  (ECF No. 209.)  Having conducted a *de novo* review of the

matters raised in the Objections, the Court ADOPTS the Report and Recommendation, DENIES

Plaintiffs' Objections and DENIES Plaintiffs' Motion for Leave to Amend Final Infringement

1

Contentions Related to Claim 1 of U.S. Patent No. 6,097,316.

## I.     BACKGROUND

By Order dated February 4, 2013 (ECF No. 181), the Court referred to Special Master

Gaynell Methvin Visteon's Motion for Leave to Amend Final Infringement Contentions Related to

Claim 1 of U.S. Patent No. 6,097,316 (the "FIC Motion").  On October 25, 2013, the Special Master

issued his Report and Recommendation to which Visteon now objects.  Visteon indicated to the

Court that it does not believe a hearing on the Objections is necessary.  No hearing was held on this

issue.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 53 sets forth the appropriate standard of review for a district court in

reviewing findings of fact and conclusions of law made or recommended by a Special Master. Rule

53(f)(3) provides as follows:

> *Reviewing Factual Findings*.  The court must decide de novo all objections to
> findings of fact made or recommended by a master, unless the parties, with the
> court's approval, stipulate that:
>
> > (A) the findings will be reviewed for clear error; or
> > (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be
> > final.

Fed. R. Civ. P. 53(f)(4) provides as follows:

> *Reviewing Legal Conclusions*.  The court must decide de novo all objections to
> conclusions of law made or recommended by a master.

Fed. R. Civ. P. 53(f)(5) provides as follows:

> *Reviewing Procedural Matters*.  Unless the appointing order establishes a different
> standard of review, the court may set aside a master's ruling on a procedural matter
> only for an abuse of discretion.

*See also Hochstein v. Microsoft Corp.*, 730 F. Supp. 2d 714, 717 (E.D. Mich. 2010), *aff'd* 430 F. App'x 898 (Fed. Cir. 2011) ("The Court reviews *de novo* factual findings and legal conclusions of the Special Master to which a specific objection has been made. *See* Fed. R. Civ. P. 53(f).") The parties have not stipulated to the finality of the Special Master's Report and have not agreed to clear error review. The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

## III.    ANALYSIS

The Special Master observes, and the parties agree, that Fed. R. Civ. P. 16, governing amendments to the Court's scheduling orders, controls here. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Ind., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "A district court should also consider the possible prejudice to the party opposing the modification." *Id*. Thus, the "primary consideration" in determining whether to allow Visteon's late proposed amendment to its FICs is Visteon's diligence in seeking to do so.[1]  The burden of establishing diligence is on the moving party - here Visteon. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence.").

Pursuant to the agreed upon scheduling order, FICs were due and served by Visteon on

---

[1] Visteon devotes a good portion of its Objection to its claim that the Special Master failed to heed the Court's Order of Reference. The Court rejects Visteon's attempt to construe the Court's Order of Reference as having imposed a limitation on the scope of the Special Master's review. The Court's Order of Reference, by definition preliminary and cursory, did not in any way limit Special Master Methvin's full review of the merits of the motion.

March 1, 2012.  (ECF No. 154-14, FICs at 136.)  Five and a half months later, after the close of fact

discovery, Garmin indicated to Visteon its belief that Visteon's FICs with regard to the '316 patent

were "deficient and nonsensical."  (ECF No. 154-7, Aug. 3, 2012 Letter from Mudd to Malik.)  Only

then did Visteon attempt to amend its FICs, providing Garmin on Aug. 15, 2012 with a

"supplemental infringement contention chart" directed to the claim of the '316 patent (the Supp.

FICs).  (ECF No. 154-8,154-9, Aug. 15, 2012 and Sept. 14, 2012 Letters from Malik to Mudd re:

FICs.)  Garmin objected to the Supp. FICs, explaining to Visteon that if it desired to make the new

infringement contentions contained in the Supp FICs a part of the case, it would need to obtain leave

of Court to do so, prompting Visteon to file its motion for leave to amend.  (ECF No. 154-11, Sept.

20, 2012 Letter from Mudd to McDermott.)

As stated above, Rule 16 requires a showing of "good cause" and the primary measure of

good cause is the moving party's diligence in attempting to comply with the Court's scheduling

orders.  The diligence requirement, in the context of patent law, is designed "to prevent the 'shifting

sands' approach to claim construction."  *LG Electronics, Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D.

360, 367 (N.D. Cal. 2002) (citation omitted).  The rules regarding amendment of infringement

contentions are "'designed to require parties to crystallize their theories of the case early in the

litigation and to adhere to those theories once they have been disclosed.'" *Acer, Inc. v. Tech. Props.

Ltd.*, No. 08-cv-05398, 2010 WL 3618687, at *4 (N.D. Cal. Sept. 10, 2010) (quoting *O2 Micro*, 467

F.3d at 1366 n. 12).  The Court agrees with the Special Master that this is precisely the approach

Visteon takes here – only after being alerted by Garmin that its claim of infringement on the '316

patent lacked any merit did Visteon alter course and adopt the contentions propounded in the Supp.

FICs.  Visteon concedes that its motion to amend its FICs was prompted by a letter from Garmin

pointing out the legal deficiencies in Visteon's original theory of infringement: "Garmin recently raised alleged deficiencies related to Visteon's Final Infringement Contentions directed to Claim 1 of the '316 Patent. In order to address the alleged deficiencies identified by Garmin and to clarify its Final Infringement Contentions related to Claim 1 of the '316 Patent, Visteon now seeks leave to amend its Final Infringement Contentions directed to Claim 1 of the '316 Patent to include information already provided to Garmin through a supplemental claim chart."  (ECF No. 154, Visteon's Mot. to Amend FICs 1.)

Visteon suggests that the parties' course of dealing in this litigation somehow justified its belated attempt to amend its FICs.  Tellingly, all of the correspondence offered by Visteon to establish this "course of dealing" is from 2010, long before the close of fact discovery.  *See* ECF No. 154, Visteon's FIC Motion, 3-4 (citing various correspondence from 2010).  The letter from Garmin that prompted Visteon to "clarify" its theory of infringement of the '316 patent by "supplementing" its infringement contentions was dated August 3, 2012, after the close of fact discovery.  That letter alleged that the record as developed in the case demonstrated no good faith basis for Visteon's claim of infringement of '316 patent.  (ECF No. 154-7, Aug. 3, 2012 Letter from Mudd to Malik.)

Visteon cannot demonstrate diligence by pointing to the fact that it promptly came up with a new set of infringement contentions once Garmin alerted Visteon to the lack of merit of its claim on the '316 patent after the close of fact discovery.  The Special Master concluded that Visteon's "change in identification of which elements in the accused devices meet the claim limitations is a change in Visteon's infringement contentions - pure and simple." (FIC Report at 5.)  Visteon offers no real evidence of diligence at all. Visteon offers no excuse for the failure to embrace these contentions at an earlier time - no discovery of new evidence or similar factor that might excuse the

5

failure to have asserted this theory sooner.  *See Altair Engineering, Inc. v. LEDynamics, Inc.*, No. 07-cv-13150, 2009 WL 799184, at *6 (E.D. Mich. March 24, 2009), *rev'd and remanded on other grds*, 413 F. App'x 251 (6th Cir. 2011) (finding a "compelling" case for denying amendment of final infringement contentions where the party seeking to amend does not rely on the discovery of new evidence at all).

"'[U]nlike the liberal policy for amending pleadings, the philosophy behind amending claim charts . . . is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction.'" *Canvs Corp. v. United States*, 107 Fed. Cl. 100, 103 (2012) (quoting *Genentech, Inc. v. Amgen, Inc*., 289 F.3d 761, 774 (Fed. Cir. 2002)).  Visteon's change of course and lack of diligence strongly suggest a "shifting sands" approach.  While the Court preliminarily observed in its Order of Reference the possibility of a lack of prejudice to Garmin in permitting Visteon to amend its FICs at this late stage, diligence, not prejudice, is the controlling factor in the analysis of good cause.  In the complete absence of evidence of diligence, a lack of prejudice does not compel a finding of good cause.  "Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS."  *O2 Micro*, 467 F.3d at 1368.  *See also Acer*, 2010 WL 3618687, at *5 ("Because TPL has not demonstrated diligence, the inquiry should end.") (internal quotation marks and citation omitted).

Visteon protests that it is not in fact changing its infringement contention but only "clarifying" its theories with regard to the '316 patent.  The Special Master directly addressed this issue and disagreed: "[I]t is clear that its Supp. FIC represents a material change in positions as to the elements in the accused devices that meet the claims of the '316 patent."  (ECF No. 204, FIC

Report 6.)  The Special Master finds that Visteon's "clarification" argument is belied by the fact that

Visteon has stated that if it cannot amend it FICs, it will not further pursue its claims under the '316

patent.  Visteon makes this point clear, stating that while it reserves its right to appeal any decision

by this Court to deny it leave to amend its FICs as to the '316 patent, if leave is denied, Visteon will

not further pursue its claims under the '316 patent to trial.  It is difficult to reconcile this admitted

wholesale abandonment of its original infringement contentions with Visteon's claim that it is not

"changing" its theory with regard to the '316 patent.  Moreover, the Special Master observes,

Visteon's own expert, Dr. Anatole Lokshin, admitted that the Supp. FICs appeared to present a

different mapping of these claim elements.  (ECF No. 159-4, Nov. 15, 2012 Deposition of Anatole

Lokshin at 99-101.)  The Court agrees with the Special Master's analysis and will not permit Visteon

"to restart the ['316 claim] under a different legal theory."  *Altair*, 2009 WL 799184, at *6.

## IV.    CONCLUSION

For the foregoing reasons, the Court ADOPTS the Special Master's Report and

Recommendation Relating to Plaintiffs' Motion for Leave to Amend Final Infringement Contentions

Related to Claim 1 of U.S. Patent No. 6,097,316, DENIES Plaintiffs' Objections and DENIES

Plaintiffs' Motion for Leave to Amend Final Infringement Contentions.

IT IS SO ORDERED.


                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE


Dated:  March 17, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2014.

s/Deborah Tofil
Case Manager