UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON GLOBAL TECHNOLOGIES, INC.
AND VISTEON TECHNOLOGIES, LLC,

        Plaintiffs,                    Case No. 10-cv-10578

                                        Paul D. Borman
v.                                              United States District Court

                                        Mark A. Randon
                                        United States Magistrate Judge

GARMIN INTERNATIONAL, INC.,

        Defendant.
_____/

OPINION AND ORDER
(1) ADOPTING THE SPECIAL MASTER'S OCTOBER 25, 2013 REPORT AND RECOMMENDATION RE: DEFENDANT GARMIN'S MOTION FOR LEAVE TO AMEND RESPONSES TO REQUESTS FOR ADMISSION AND TO CORRECT SUMMARY JUDGMENT RECORD (ECF NO. 205),
(2) DENYING PLAINTIFFS' OBJECTIONS TO
THE SPECIAL MASTER'S REPORT (ECF NO. 208) AND
(3) GRANTING DEFENDANT GARMIN'S MOTION FOR LEAVE TO AMEND
RESPONSES TO REQUESTS FOR ADMISSION
AND TO CORRECT SUMMARY JUDGMENT RECORD (ECF NO. 186)

This matter is before the Court on Plaintiff Visteon Global Technologies, Inc. and Visteon Technologies, LLC's ("Visteon") Objections to the Special Master's October 25, 2013 Report and Recommendation Re: Defendant Garmin International Inc.'s ("Garmin") Motion for Leave to Amend Responses to Requests For Admission and to Correct Summary Judgment Record. (ECF No. 208, Objections; ECF No. 205, Report and Recommendation.)  Defendant Garmin filed a Response to Plaintiff's Objections. (ECF No. 210.) Pursuant to Fed. R. Civ. P. 53(f), the Court held a hearing on Plaintiff's Objections on March 14, 2013.  Having conducted a *de novo* review of the

matters addressed in the Objections, and having fully considered the parties' submissions and oral arguments, the Court ADOPTS the Report and Recommendation, DENIES Plaintiff's Objections and GRANTS Garmin's Motion for Leave to Amend and to Correct the Summary Judgment Record.

## I. BACKGROUND

By Order dated July 11, 2013 (ECF No. 197), the Court referred to Special Master Gaynell Methvin Garmin's Motion for Leave to Amend Responses to Requests for Admission and to Correct Summary Judgment Record (the "RFA Motion"). On October 25, 2013, the Special Master issued his Report and Recommendation (the "RFA Report), to which Visteon now objects. Visteon requested a hearing on the Objections, pursuant to Fed. R. Civ. P. 53(f)(1), which the Court held on Friday, March 14, 2014.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 53 sets forth the appropriate standard of review for a district court in reviewing findings of fact and conclusions of law made or recommended by a Special Master. Rule 53(f)(3) provides as follows:

> *Reviewing Factual Findings.* The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>
>> (A) the findings will be reviewed for clear error; or
>> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed. R. Civ. P. 53(f)(4) provides as follows:

> *Reviewing Legal Conclusions.* The court must decide de novo all objections to conclusions of law made or recommended by a master.

Fed. R. Civ. P. 53(f)(5) provides as follows:

> *Reviewing Procedural Matters.* Unless the appointing order establishes a different

standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion.

*See also Hochstein v. Microsoft Corp.*, 730 F. Supp. 2d 714, 717 (E.D. Mich. 2010), *aff'd* 430 F. App'x 898 (Fed. Cir. 2011) ( "The Court reviews *de novo* factual findings and legal conclusions of the Special Master to which a specific objection has been made. *See* Fed.R.Civ.P. 53(f).") The parties have not stipulated to the finality of the Special Master's Report and have not agreed to clear error review. The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

### III. ANALYSIS

Defendant Garmin's RFA Motion seeks to correct what it submits was a "clerical error" contained in Garmin's Responses to Visteon's Amended First Set of Requests for Admission (ECF No. 186-4, "Original RFA Responses"). In sum, Visteon originally served its First set of RFAs on February 7, 2012 but quickly informed Garmin that it was submitting an amended set of RFAs, which it did on February 29, 2012. Garmin agreed to treat the First set of RFAs as withdrawn and to respond instead to the amended RFAs. Garmin explains that in responding to the Amended Requests for Admission (ECF No. 186-2, "Amended RFAs"), Garmin inadvertently used the template from Visteon's Original Requests for Admission (ECF No. 186-1, "Original RFAs"). As a result, Garmin's Original RFA Responses did not track to the Amended RFAs. The Original RFAs were numbered 1-149 and the Amended RFAs were numbered 1-158 , adding nine (9) new RFAs on the issue of inducement and amending slightly the language of various of the Original RFAs. The lack of congruity is apparent from a cursory reading of the Amended RFAs and Garmin's Original RFA Responses. When Garmin realized its mistake, it served Amended Responses to the Amended RFAs on January 23, 2013. (ECF No. 186-7, "Amended RFA Responses;" ECF No. 186-6, Letter

3

from Mudd to Malik attaching Amended Responses). On January 30, 2013, Visteon responded that it would oppose Garmin's attempt to amend its responses and would force Garmin to file the motion for leave to amend that is the subject of these Objections. (ECF No. 186-8, Letter from Malik to Mudd.)

Support for the apparent innocence of Garmin's mistake is found in its Brief in opposition to Visteon's motion for partial summary judgment, in which Garmin expressly stated its "understanding" of the text of RFA No. 43 which, according to Garmin, never mentioned the word "induce." (ECF No. 170 at 16 n.6.) It is clear that at this point, Garmin still read the RFAs as they appeared in the Original RFAs - and indeed there was no reference to inducement in Original RFA 43. Again, according to Garmin, Visteon made no effort to disabuse Garmin of its misinterpretation and apparent continued confusion.

Garmin claims that it first learned of its error after reading Visteon's reply brief in support of Visteon's motion for partial summary judgment, in which Visteon stated in a footnote that Garmin's response regarding user expectation did not correspond to Visteon's RFA regarding inducement. (ECF No. 174 at 5 n.5.) After reading this reply brief which was filed on January 11, 2013, Garmin for the first time recognized its error and promptly prepared a set of amended responses and attached them to an email to opposing counsel explaining the "clerical error." (ECF No. 186, Ex. F, Letter from Mudd to Malik dated Jan. 23, 2013.) In the letter Garmin asked that Visteon agree to permit the filing of the Amended RFA Responses and to correct the Summary Judgment record accordingly. *Id*. Visteon did not agree and Garmin filed the motion that is the subject of these Objections.

Visteon maintains that Garmin was apprised in no uncertain terms that it had failed to

4

respond to the Amended RFAs by the Report of Plaintiff's Expert, Dr. Anatole Lokshin, which was served on Garmin on September 28, 2012. (ECF No. 157-07.) Dr. Lokshin made more than one reference in his Expert Report to the fact that Garmin had "admitted inducement" of the '060 Patent, expressly referring to Garmin's failure to respond to Visteon's Amended RFAs which addressed inducement. (ECF No. 162-1, Sealed Report of Anatole Lokshin p. 31, ¶¶ 63-65.) Indeed, according to Visteon, not only did Dr. Lokshin refer to the Garmin's failure to respond on the issue of inducement but he also attached the Original RFA Responses to his Report. Garmin states that it did find Dr. Lokshin's statements in his report "odd at the time, but Garmin reviewed its response to RFA No. 43 [as it understood the request at that time] and concluded that it had not failed to respond." (ECF No. 186, Garmin's Mot. at 6.)

Visteon further submits that even Garmin's expert, John Lavrakas, in his report filed on November 30, 2012, acknowledged that there was a "legal" problem regarding the issue of inducement, referring directly to the statements made by Dr. Lokshin in his report that Garmin had "admitted inducement." (ECF No. 162-7, Sealed Report of John Lavrakas, p. 38.) Yet, Visteon submits, Garmin sought no clarification, either from counsel or from Lokshin or Lavrakas in their depositions.

On November 30, 2012, Visteon submits, it filed its motion for partial summary judgment and again stated that Garmin had ignored Visteon's RFA regarding inducement. Finally, when Visteon stated in its reply brief on January 11, 2013, that Garmin had "admitted inducement" by failing to respond, Garmin apparently recognized the error and in January, 2013, began contacting Visteon's counsel to address and correct the "clerical error," ultimately serving its Amended RFA Responses on January 23, 2013, which Garmin refused to accept.

5

But this dispute over the Inducement RFAs has been fully resolved by the Special Master's Report. Belatedly, Visteon now concedes to Garmin on this point and states that Visteon "does not object to the Special Master's Report to the extent it allows Garmin to respond to the nine Requests for Admission ("RFAs") related to Garmin's inducement of certain infringing functionalities in the Accused products, specifically RFA Nos. 7, 16, 25, 34, 43, 52, 61, 69 and 78." (ECF No. 208, Visteon's Objs. 1.) Visteon states further that: "With respect to the Inducement RFAs, Visteon accepts the Special Master's ruling and stands down." (*Id*. at 10.)

As the Court indicated to the parties at the March 14, 2013 hearing on Visteon's objections, it is unimaginable that Visteon ever believed it was justified in relying on Garmin's mismatched, unintelligible Original RFA Responses and even more difficult to fathom that it encouraged its expert to incorporate those responses into his analysis. It is unconscionable that Visteon did not reconcile this obvious mistake more than a year ago in a 10 minute phone call, instead of forcing hours of attorney, Special Master and Court time to be invested, only to finally concede the obvious sensible resolution.

Having settled the Inducement RFA issue, Visteon now complains, for the first time in these Objections, that its Amended RFAs "also inadvertently included typographical errors in certain of its RFAs related to Garmin's user expectations (specifically, RFA Nos. 30, 39, 48, 57, 66, 74 and 8[3],)." (ECF No. 208, Visteon's Objs. 2.) (The "Expectation RFAs"). Visteon apparently now wants the result of these typographical errors , *i.e.* Garmin's admittedly reasonable response that they are "nonsensical," corrected by way of a limiting order that would permit Garmin to amend *only* its Inducement RFA Responses, while leaving the remainder of Garmin's mismatched Original RFA Responses intact. This issue was never put before the Special Master and consequently never

6

addressed by him.

At the March 14, 2013 hearing before this Court on Visteon's Objections, counsel for Visteon explained that Visteon never raised the issue regarding the typographical errors in the Expectation RFAs with the Special Master because it construed Garmin's briefing on the motion as seeking relief only with regard to correcting the Inducement RFAs. While it is true that discussion in both Visteon's and Garmin's briefings, and the Special Master's Report, focus on the error with the Inducement RFAs, there was nothing ambiguous about the breadth of the relief that Garmin was seeking, nor about the complete relief recommended by the Special Master. Garmin submitted as an attachment to its motion for leave to amend the entire set of the January 23, 2013 Amended RFA Responses. (ECF No. 186-7.) Specifically, Garmin requested as follows:

> Visteon has taken steps to substantively rely on Garmin's mistake - both in the expert report of Visteon's technical expert, Dr. Lokshin, and in Visteon's motion for partial summary judgment. *See* Sec. I, *supra*. Accordingly, Garmin respectfully asks that the Court hold that Visteon may not continue to rely on Garmin's original, erroneous Responses to Visteon's Amended First Set of RFAs. And Garmin respectfully requests that the Court instruct Special Master Methvin to disregard Garmin's original, erroneous responses (Ex. D [ECF No. 186-4]) in favor of relying on Garmin's amended responses (Ex. G [ECF No. 186-7]). Second, Garmin respectfully requests that the Court hold that neither Visteon nor Dr. Lokshin shall be allowed to rely on or present Garmin's original erroneous Responses to Visteon's Amended First Set of RFAs (Ex. D [ECF No. 186-4]), though Visteon and Dr. Lokshin may rely on Garmin's Amended Responses to Visteon's Amended First Set of RFAs (Ex. G [ECF No. 186-7]). Both of these corrective measures are necessary at this point to effectuate Garmin's amendment and to remedy the confusion that Visteon has propagated.

ECF No. 186 at 13-14. There is nothing ambiguous about this request for relief, which is in no way limited to correcting the Inducement RFAs. Nor is there any ambiguity in the Special Master's recommendation that Garmin's "Motion to Amend be granted, that Garmin be allowed to amend its RFA responses and that its prior erroneous responses be found to be null and void." (ECF No. 205,

RFA Report at 23.) It is clear that both Garmin and the Special Master referred to the entirety of the attached Amended Responses to Visteon's Amended RFAs that had been served on Visteon on January 23, 2013, not to some portion thereof.

Visteon offers no credible or reasonable excuse for having failed to raise the issue of the typographical errors in these Amended Expectation RFAs in the briefing on Garmin's motion. There is no question that Visteon was aware of this error and, for whatever reason, made the tactical decision not to raise the issue when responding to Garmin's request for leave to submit an entire set of amended responses to those RFAs. Nothing prevented Visteon from raising the issue of the typographical errors in the Expectation RFAs at an earlier point in time with Garmin's counsel or in the briefing before the Special Master. As is the case with objections to a magistrate judge's report and recommendation, the Court is not obligated to consider arguments that appear for the first time in the objections to a special master's report and the Court will not do so here. *See, e.g.*, *Biolumix, Inc. V. Centrus Int'l Inc.*, No. 08-11418, 2012 WL 6015896, at *12 (E.D. Mich. Aug. 20, 2013) (finding that the well established principle that a party waives arguments raised for the first time in objections to a magistrate judge's report and recommendation "applies in equal force to the report of the Special Master"). The Court will not permit Visteon to profit from its decision not to raise this obvious error in a timely fashion. Visteon is not precluded from attempting to establish at a trial on the merits, through appropriate witnesses, the facts it sought to establish through its Expectation RFAs.

## IV.     CONCLUSION

For the foregoing reasons, the Court ADOPTS the Special Master's Report and Recommendation, GRANTS Garmin's Motion for Leave to Amend Responses to Requests For

Admission and To Correct Summary Judgment Record, ACCEPTS Garmin's January 23, 2013 Amended Response to Visteon's Amended First Set of Requests for Admissions as the operative RFA responses, and ORDERS that the summary judgment record, and the record going forward in this case, be corrected to comport with the terms of this Order.

IT IS SO ORDERED.

                                                         s/Paul D. Borman
                                                         PAUL D. BORMAN
                                                         UNITED STATES DISTRICT JUDGE

Dated: March 17, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2014.

                                                         s/Deborah Tofil
                                                         Case Manager