# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| VISTEON GLOBAL TECHNOLOGIES, INC. and VISTEON TECHNOLOGIES, LLC, | ) ) ) |
| | ) C.A. No.: 2:10-cv-10578-PDB-MAR |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| GARMIN INTERNATIONAL, INC., | ) ) |
| Defendant. | ) ) ) |

**VISTEON'S RESPONSE TO GARMIN'S MOTION *IN LIMINE* TO EXCLUDE GARMIN PRODUCTS NOT IDENTIFIED IN VISTEON'S FINAL INFRINGEMENT CONTENTIONS AND AMENDED CLAIM 6 FROM THE '408 PATENT**

Scott A. Wolfson (P53194)
swolfson@wolfsonbolton.com
WOLFSON BOLTON PLLC
3150 Livernois, Suite 275
Troy, Michigan 48083
(248) 247-7103 - Telephone
(248) 247-7099 - Facsimile

Richard M. McDermott
rick.mcdermott@alston.com
Jitendra Malik
jitty.malik@alston.com
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000 – Telephone
(704) 444-1111 – Facsimile

**Attorneys for Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC**

## I. INTRODUCTION

Garmin's Motion seeking exclusion of evidence pertaining to products released after the close of fact discovery and pertaining to Visteon's infringement allegations under Claim 6 of the '408 Patent is nothing but a distraction from other related matters currently pending before the Court. As the Court is aware, Visteon recently filed a Motion to Compel Discovery Supplementation seeking an Order mandating that Garmin supplement its discovery responses consistent with its obligations for the same under Rule 26(e) and the Ninth Amended Rule 26(f) Report, including with respect to products released by Garmin following the close of fact discovery. Additionally, as a result of Garmin's new objection to the inclusion of Claim 6 of the '408 Patent, Visteon filed a request for a status conference seeking clarification from the Court on the subject. Thus, the present motion should therefore be held in abeyance until the issues previously presented are resolved, if not denied entirely.

Garmin's confusion of the issues should be disregarded. As explained in previous briefing, Garmin has neglected its duty to supplement discovery pertaining to products released after the close of fact discovery, despite affirmatively agreeing to be bound by such a duty under Rule 26(e) in the Ninth Amended Rule 26(f) Report. In so doing, Garmin improperly seeks to limit this

Court's authority over Visteon's infringement claims, which should not be tolerated.

Additionally, Garmin's Motion fails to justify Garmin's inaction in addressing issues related to amended Claim 6 of the '408 Patent when Garmin was in possession of Visteon's infringement contentions related to the same for over a year and a half. It is simply too late for Garmin to "object" on grounds that it would be "prejudiced" by litigating the issues related to amended Claim 6. As such, Garmin's Motion in this regard is similarly not well taken.

As is likely apparent, the issues implicated by Garmin's Motion are materially distinct and necessarily require separate analyses, notwithstanding Garmin's treatment of the issues together in merely four paragraphs of argument. As such, the issues will be addressed in turn. For the reasons stated herein, Visteon respectfully requests that the Court deny Garmin's request.

## II.   ARGUMENT

### A.   Garmin's Recently Released Products Having the Same Accused Functionalities are Subject to Visteon's Claims for Infringement

The issues implicated by this aspect of Garmin's Motion have now been fully briefed in connection with Visteon's Motion to Compel Discovery Supplementation. D.E. 240. As such, Garmin's present Motion is no more than an attempt at additional briefing on the issues. By seeking exclusion of evidence pertaining to newer versions of its products that have the same accused

functionalities, Garmin is asking the Court to forgive its manifest failure to supplement discovery with respect to such products, in direct contravention of its agreement to be bound by the mandates for supplementation under Rule 26(e), Fed. R. Civ. P.  *See* D.E. 147-1 at ¶ 6, Ninth Amended Rule 26(f) Report ("Supplementations under Rule 26(e) are due in the normal course.").  This Court should decline such a request.

The scope of this case, including Visteon's claims for infringement, have never been as limited as Garmin now contends.  As noted in prior briefing, each of Visteon's Amended Complaints in this action alleged infringement based on products having certain accused functionalities, not based solely on products having particular identified model numbers.  *See, e.g.*, Visteon's Third Amended Complaint at ¶¶ 10, 18, 26 (D.E. 50) (identifying specific accused functionalities present in products alleged to infringe, and identifying exemplary products as "including at least . . ." certain products identified by product number).  Moreover, Visteon's infringement contentions state in no uncertain terms that Visteon's allegations of infringement cover "other Garmin devices having the same accused functionality(ies) described herein . . . ," a provision unequivocally intended to account for subsequently released products incorporating the same accused functionalities.  Visteon's Consolidated Supplemental Final Infringement Contentions at pp. 2-3 (Garmin's Ex. AA [D.E. 268-27]).  To suggest otherwise, as

3

Garmin now does, would imply that Visteon actually condones Garmin's release of products having different model numbers but the same accused functionalities. That is not, and has never been, the case.

Similarly, Garmin's suggestion that the scope of discovery is limited to products specifically identified in infringement contentions is unsupported by law, and Garmin cites no authority to the contrary. *See DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-CV-42-JRG, 2012 WL 2935172, at *3 (E.D. Tex. July 18, 2012) ("[I]nfringement contentions are not intended to impose rigid boundaries that confine the scope of discovery to only those products that are specifically identified therein."); *EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31, 33 (D.D.C. 2012) ("Case law from various circuits clearly states that there is no bright-line rule limiting discovery to only those products specifically accused in a party's infringement contentions."); *Honeywell Intern. Inc. v. Acer America Corp.*, 665 F. Supp. 2d 650, 656 (E.D. Tex. 2009) (holding that "reasonably similar" but unaccused products are within the scope of discovery so long as such products operate in a manner consistent with an already disclosed infringement theory).

In fact, Garmin previously took the same legally unsound position, from which it ultimately retreated after Visteon informed Garmin that its position lacked support in the law. Specifically, Garmin refused to supplement its discovery with respect to OEM (Original Equipment Manufacturer) products that incorporate the

4

same accused functionalities until Visteon specifically named and accused such products in this case, to which Visteon responded that "Garmin's position with respect to its OEM products is inconsistent with the case law as well as the spirit of the Federal Rules of Civil Procedure." *See* D.E. 278-2, Ltr. J. Connor to A. Hankel of January 30, 2012.  Following subsequent discussions on the topic, Garmin ultimately agreed to supplement its discovery regarding products not previously identified by Visteon—a concession in direct contradiction to the arguments Garmin now puts forth, and further evidence of the impropriety of Garmin's attempt to unilaterally narrow the issues in this case. *See* D.E. 278-3, Ltr. J. Malik to A. Hankel of February 10, 2012.

Furthermore, similar to its briefing regarding Visteon's related Motion to Compel, Garmin does not and cannot contend that any of its new products accused of infringement by Visteon have any colorable differences with respect to the accused functionalities.  In its present Motion, Garmin disingenuously suggests only that trial preparation would need to be placed "on hold while technical details of the new products are examined . . . ."  Garmin's Motion at p. 6.  Similarly, Garmin admits in its response to Visteon's Motion to Compel that "not every change [to new products] would impact one of the areas that pertain to Visteon's infringement contentions," and states further only that it would be "necessary to consider all products individually to determine if changes impacted a relevant area

5

of the product." D.E. 270 at p. 9. In fact, Garmin has never suggested that its newly released products have any colorable differences relevant to Visteon's claims of infringement, evidencing not only the baseless nature of Garmin's assertion of prejudice to its alleged "trial preparation," but also the willful nature of Garmin's infringement as it turns a blind eye to making any investigation about whether it infringes with each new product it has released. *See, e.g., In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007); *Broadcom Corp. v. Qualcom Inc.* 543 F.3d 683, 700 (Fed. Cir. 2008) ("'The totality of the circumstances … supports the jury's findings: a failure to investigate, … a failure to take remedial steps—and, of course a failure to seek legal counsel … was sufficient for the jury to infer a lack of good faith.'"); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992) (explaining that one of the factors used to determine enhanced damages is "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed.").

Garmin's request for exclusion in this regard based on prejudice is therefore meritless. Based on Visteon's review, the products implicated by Garmin's Motion (and Visteon's related Motion to Compel) include the same accused functionalities as those previously identified in this case such that Visteon's

infringement allegations do not change. As such, these products are properly within the scope of the issues to be tried in this action.

### B. Amended Claim 6 of the '408 Patent is Properly in the Case

As for amended Claim 6 of the '408 Patent, an explanation of the parties' related dealings for context is warranted. The first reexamination proceeding on the '408 Patent, as belatedly initiated by Garmin, concluded on September 16, 2013 and resulted in confirmation of Claims 4 and 5, and slightly amended Claim 6. Three days following issuance of the reexamination certificate, and in preparation for a scheduled mediation between the parties, Garmin sought clarification from Visteon as to whether "Visteon intend[s] to maintain its allegations of infringement with regard to amended claim 6 . . . ." Ex. 15, Ltr. J. Mudd to J. Friday of Sept. 19, 2013. Visteon responded four days later confirming its intention to maintain its infringement allegations regarding Claim 6, as amended, and noted further that because the amendment was minor in scope, Visteon's Final Infringement Contentions served on March 1, 2012 were sufficient not only to establish a good faith basis for the allegation but also to place Garmin on notice of the same. Garmin's Ex. FF (D.E. 268-32), Email J. Friday to J. Mudd of September 23, 2013. To be certain, however, Visteon indicated its intention to serve supplemental infringement contentions reflecting the amendment to Claim 6 and Visteon's related allegations. *Id*.

7

*Garmin neither responded nor objected.*

Shortly thereafter, on December 18, 2013, Visteon served its Consolidated Supplemental Final Infringement Contentions which were based, in part, on the results of the reexamination proceeding related to the '408 Patent, including the minor amendment to Claim 6 thereof. Visteon followed service of these contentions with a proposal for supplementing fact and expert discovery to address new facts that had arisen in the case (*i.e.*, the introduction of new products having the same accused functionalities, and the issuance of reexamination certificates for the '408 and '060 Patents). Ex. 16, Ltr. J. Friday to J. Mudd of Jan. 10, 2014.

*Again, Garmin neither responded nor objected.*

Instead, on January 31, 2014, Garmin confirmed receipt of Visteon's supplemental contentions and objected to the identification of recently released accused devices on the grounds that such products were not "the subject of any fact or expert discovery in this case, . . ." notwithstanding the fact that such products are understood to have been released after the close of fact and expert discovery. Garmin's Ex. GG (D.E. 268-33), Ltr. J. Mudd to J. Friday of Jan. 31, 2014. **Notably**, Garmin did not object to Visteon's contentions with respect to amended Claim 6 of the '408 Patent. Visteon responded on February 6, 2014, addressing Garmin's baseless concerns regarding its recently released products and confirmed that, with respect to Visteon's supplementation to address amended Claim 6,

8

"Garmin appears to have no objection . . . ." Garmin's Ex. HH (D.E. 268-34), Ltr. J. Friday to J. Mudd of Feb. 6, 2014.

*Once more, Garmin neither responded nor objected.*

Now, more than a year and a half after being informed that Visteon's existing allegations of infringement were equally applicable to amended Claim 6 of the '408 Patent, Garmin for the first time, after not objecting multiple times in the past, *finally* objects to Visteon's assertion of Claim 6 on the alleged basis that it would be "prejudiced" in being forced to defend such claims "at this late stage." Garmin's objection on such grounds is yet another example of its campaign of using delay in this action to tactically disadvantage Visteon, and it should be given no weight.[1]

Garmin cannot be heard to complain about an alleged impedance of its "trial preparations" should it be "forced" to defend Visteon's claims under amended Claim 6 of the '408 Patent. After initiating discussions and receiving confirmation from Visteon concerning continued allegations of infringement under amended Claim 6 almost two years ago, Garmin strategically chose inaction over action. Indeed, had Garmin acted when it received such confirmation in September 2013,

---

[1] *See* D.E. 180 (denying Garmin's motion to stay pending reexamination, noting that Garmin's delay in seeking such review was "suspect"); D.E. 126 (after Garmin's delay in complying with discovery obligations, ordering Garmin to disclose whether it had obtained an opinion of counsel); D.E. 246 (rejecting Garmin's disguise of its delay in seeking leave to file a second motion for summary judgment based on a defense pled years prior).

9

it could have effectively avoided the purported implications to its "trial preparations" that Garmin now contends are prejudicial.

Even assuming Garmin's inaction is a non-issue, Garmin's Motion fails to inform that the nature of the amendment to Claim 6 was minor. To illustrate, Claim 6 is reproduced below with the amended language emphasized:

> 6. A vehicle navigation system comprising:
>
> a display;
>
> a selection control; and
>
> an alphanumeric input means;
>
> wherein the system employs a plurality of categories of destinations, each category corresponding to a list of destinations, the system be operable, *as mutually exclusive ways of selecting a destination,* to:
>
>> *(a)* display a first list of destinations corresponding to a first category where a first selection signal corresponding to the first category is generated by the selection control,
>>
>> select a first destination from the first list in response to a second selection signal generated by the selection control; *and*
>>
>> *(b)* display a second list of destinations corresponding *only* to an alphanumeric input signal generated in response to the actuation of the alphanumeric input means, the second list of destinations being generated by searching across the plurality of categories of destinations; and
>>
>> select a second destination from the second list in response to a third selection signal generated by the selection control.

Garmin also fails to explain that the amendment has no impact on the infringement inquiry, as illustrated by the fact that Visteon's infringement contentions with respect to amended Claim 6 of the '408 Patent are nearly identical to those directed to Claim 6 before amendment. *Compare* Garmin's Ex. Z at pp.

10

80-90 (D.E. 268-26) *with* Garmin's Ex. AA at pp. 70-79 (D.E. 268-27). Indeed, Garmin does not and cannot dispute this point, further negating its claim of alleged prejudice.

Finally, Garmin's characterization of the parties' dealings with respect to damages under amended Claim 6 is misleading, at best. At no point has Visteon ever recognized that Claim 6 was "amended so significantly," as Garmin seems to suggest. Rather, Visteon merely conceded that it did not intend to seek damages for infringement of Claim 6 predating the issuance of the reexamination certificate, consistent with the law pursuant to 35 U.S.C. § 307(b). Garmin's Ex. FF (D.E. 268-32), Email J. Friday to J. Mudd of September 23, 2013. Visteon did make clear, however, "that it is entitled to damages for Garmin's infringement of Claim 6, as amended, thereafter." *Id*. Unsurprisingly, Garmin did not respond.

Accordingly, because Garmin has now had almost two years to engage in "trial preparations" related to amended Claim 6 of the '408 Patent, which has remained at issue in this case without interruption, Garmin's request for exclusion of any evidence related thereto should be denied.

### III. CONCLUSION

Pursuant to the foregoing, Visteon respectfully requests that Garmin's Motion be denied.

11

This 13th day of July, 2015.

                              */s/ Jitendra Malik*
                              ***Attorneys for Plaintiffs***
                              ***Visteon Global Technologies, Inc. and***
                              ***Visteon Technologies, LLC***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| VISTEON GLOBAL TECHNOLOGIES, INC. and VISTEON TECHNOLOGIES, LLC, | )<br>)<br>) |
| Plaintiffs, | ) C.A. No.: 2:10-cv-10578-PDB-MAR<br>)<br>) |
| v. | )<br>) |
| GARMIN INTERNATIONAL, INC., | )<br>) |
| Defendant. | )<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2015, I electronically filed the above and foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                             */s/ Jitendra Malik*