**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

| | |
|---|---|
| VISTEON GLOBAL TECHNOLOGIES, INC. AND VISTEON TECHNOLOGIES, LLC, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 2:10-cv-10578— ) PDB-DRG ) |
| v. | ) ) |
| GARMIN INTERNATIONAL, INC., | ) |
| Defendant. | |

**GARMIN'S MOTION TO STRIKE PARAGRAPHS 19-20 OF DR. JOEL STECKEL'S DECLARATION IN SUPPORT OF VISTEON'S OPPOSITION TO GARMIN'S MIL NO. 2**

I. Introduction

Garmin moves to strike ¶¶ 19-20 of Dr. Joel Steckel's Declaration ("Declaration") [Dkt. No. 287-5] filed in support of Visteon's opposition to Garmin's MIL response in opposition to Garmin's MIL No. 2 challenging Peter Smith's reasonable royalty calculations ("Motion").[1] During his deposition in 2012, Dr. Steckel stated that he had not reviewed Mr. Smith's expert report and could not opine on Mr. Smith's use of Dr. Steckel's survey results. Dkt. No. 268-6, Steckel 11/20/12 Depo. Tr., at 221:14-20. Over two years later, Visteon offers a conclusory opinion from Dr. Steckel that purports to confirm the propriety of Mr. Smith's analysis. This opinion was never disclosed and was, in fact, intentionally shielded from discovery by Visteon. Pursuant to Fed. R. Civ. P. 37(c)(1), this Court should strike ¶¶ 19-20 from Dr. Steckel's Declaration and Visteon's reliance on the same.

II. Legal Framework

An expert witness's written report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; [and] any exhibits that will be used to summarize or support them. Fed. R. Civ. P. 26(a)(2)(B). If an expert learns that his report or deposition testimony is materially

---

[1] The parties agree that Garmin has satisfied its meet and confer obligations, including those pursuant to L.R. 7.1(a).

1

incomplete or incorrect, he must, in a timely manner, correct his opinions. Fed. R. Civ. P. 26(e)(1)-(2). While Rule 26 allows an expert to rebut another expert or clarify his opinion, it precludes an expert from offering "new" opinions. *Hochstein v. Microsoft Corp.*, No. 04-CV-73071, 2006 WL 8066573 at *5-6 (E.D. Mich. Oct. 13, 2006) (citing *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. App'x 730, 735-36 (6th Cir. 2002) (unpublished)).

An expert's failure to make proper disclosures results in "automatic and mandatory" exclusion under Fed. R. Civ. P. 37(c)(1), unless the failure was harmless or is substantially justified. *Linear Group Services, LLC v. Attica Automation, Inc.*, No. 13–10108, 2014 WL 3400714 at *2, 4-5 (E.D. Mich. July 11, 2014). The party seeking to supplement the expert disclosure or report has the burden of establishing justification or harmlessness. *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010). Courts frequently exclude untimely expert disclosures served for the purpose of defeating a *Daubert* challenge. *See Palmer v. Asarco Inc.*, Nos. 03-CV-0498-CVE-PJC et al., 2007 WL 2254343 at *2-4 (N.D. Okla. Aug. 3, 2007) (striking expert affidavit that was "essentially a new expert report with new opinions"); *Adams v. Cooper Industries, Inc.*, No. 03-476-JBC, 2008 WL 339714 at *1 (E.D. KY Feb. 5, 2008) (striking expert affidavits offered in a motion for reconsideration of a *Daubert* order because they contained new opinions).

### III. Dr. Steckel Could Have but did not Timely Disclose the Opinions in ¶¶ 19-20 of his Declaration

During expert discovery, Visteon made a conscious decision to insulate Dr. Steckel from Mr. Smith's use of his Economic Values. Garmin repeatedly sought Dr. Steckel's opinion on Mr. Smith's use of Dr. Steckel's Economic Values,[2] but Dr. Steckel confirmed he had not reviewed Mr. Smith's expert report and refused to opine on Mr. Smith's use of the Economic Values or the applicability of the Economic Values as revenues attributable to the patented features. *Id*. at 221:14-20, 230:20-231:3, 232:15-233:14. Visteon's counsel further insisted that Dr. Steckel was not offered to analyze and was "not qualified to opine" about Mr. Smith's opinion. *Id*. at 223:21-224:8, 229:20-230:2.

Over two years after his deposition and only after Garmin filed its *Daubert* motion (Dkt. No. 260) to exclude Mr. Smith's improper and unreliable use of Dr. Steckel's Economic Values, Visteon now seeks to introduce Dr. Steckel's rubberstamp approval of Mr. Smith's analysis to traverse Garmin's evidentiary challenge. Neither Visteon nor Dr. Steckel explains why this opinion was withheld until this late stage in litigation. Absent such explanation, Visteon should not be able to rely on this opinion that it expressly refused to provide and denied Garmin the opportunity to examine during expert discovery. *See Linear Group Services,* 2014 WL 3400714 at *6 (striking portions of expert's declaration containing

---

[2] *See generally* Dkt. No. 268-6, Steckel 11/20/12 Depo. Tr., at 221-236.

3

opinions on obviousness where expert had no opinions on obviousness at the time of his deposition); *see also Hochstein*, 2006 WL 8066573 at *4 (citing *Poulis-Minott v. Smith*, 388 F.3d 354, 359 (1st Cir. 2004)) (stating it is proper to strike parts of an expert declaration that exceed the scope of the expert designation).

Visteon's untimely disclosure of Dr. Steckel's new opinion is neither justified nor harmless. Mr. Smith's report was available for Dr. Steckel's review prior to Dr. Steckel's initial expert report and his first deposition. Further, after being questioned by Garmin about his opinion of Mr. Smith's analysis, Dr. Steckel served a revised report to correct errors identified by Garmin.[3] Even with the knowledge that Garmin sought his opinion on Mr. Smith's use of his survey data, Dr. Steckel did not address Mr. Smith's analysis in his revised report. There is simply no justification for Visteon's two-year delay where there was ample opportunity to introduce this opinion during expert discovery. *Cheese Systems, Inc. v. Tetra Pak Cheese and Powder Systems, Inc.*, 725 F.3d 1341, 1355 (Fed. Cir. 2013) (holding that a district court did not err in excluding supplemental expert report where depositions were completed and discovery had long ended).

Visteon's untimely expert supplement is also not harmless, which, in the Sixth Circuit, "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d

---

[3] *See* Dkt. No. 268-5, Steckel Revised Report dated 11/30/2012.

4

686, 692 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98–5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999)). Garmin's efforts to obtain Dr. Steckel's assessment of Mr. Smith's analysis were frustrated at every turn during expert discovery, and Visteon should not now—long after the opportunity for cross examination has passed—be permitted to rely on the very opinion it prevented Garmin from discovering or examining. *Sommer*, 317 F.3d 692 (6th Cir. 2003) (finding untimely expert disclosure not harmless where there was no evidence of an "honest mistake" and the adverse party first learned of the new opinion "months after the expert-disclosure deadline"). *Linear Group Services,* 2014 WL 3400714 at *6 (striking expert declaration that sought to introduce invalidity opinions the expert admitted in his deposition he had not considered).

### IV. Conclusion

Because Visteon's failure to comply with Fed. R. Civ. P. 26(a)(2)(B) or 26(e)(2) was neither justified nor harmless, pursuant to Fed. R. Civ. P. 37(c)(1), this Court should strike ¶¶ 19-20 of Dr. Steckel's Declaration [Dkt. No. 287-5] and Visteon's reliance thereon.

Dated:  July 23, 2015                                    Respectfully submitted,

/s/  *Eric A. Buresh*
Michael J. Huget
Deborah J. Swedlow

5

Honigman Miller Schwartz and Cohn LLP
130 S. First Street, Fourth Floor
Ann Arbor, MI  48104
Telephone: (734) 418-4200
mhuget@honigman.com
bswedlow@honingman.com

Eric A. Buresh, Missouri Bar # 53485
Adam P. Seitz, Missouri Bar # 53929
Jason R. Mudd, Missouri Bar #57850
Erise IP, P.A.
6201 College Boulevard
Suite 300
Overland Park, Kansas 66211
Telephone: (913) 777-5600
eric.buresh@eriseip.com
adam.seitz@eriseip.com
jason.mudd@eriseip.com

Paul R. Hart, Colorado Bar # 45697
Erise IP, P.A.
5600 Greenwood Plaza Blvd.
Suite 200
Greenwood Village, CO 80111
Telephone: (913) 777-5600
paul.hart@eriseip.com

*Counsel for Defendant Garmin International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2015, I electronically filed the above and foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Paul R. Hart*