# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| VISTEON GLOBAL TECHNOLOGIES, INC. AND VISTEON TECHNOLOGIES, LLC <br><br> Plaintiffs, <br><br> v. <br><br> GARMIN INTERNATIONAL, INC. <br><br> Defendant. | Civil Action No. 2:10-cv-10578--PDB-DRG |

# GARMIN'S REPLY IN SUPPORT OF ITS MIL NO. 7
# TO EXCLUDE GARMIN PRODUCTS NOT IDENTIFIED IN VISTEON'S
# FINAL INFRINGEMENT CONTENTIONS AND AMENDED CLAIM 6
# <u>FROM THE '408 PATENT</u>

## 1. VISTEON FAILED TO MOVE FOR LEAVE TO AMEND ITS CONTENTIONS

Lest the point be lost, it is Visteon that is attempting to add products and claims to its infringement contentions. Because it seeks to modify its infringement contentions far beyond the deadline for Final Infringement Contentions under the Court's Scheduling Order, Visteon bears the burden of demonstrating good cause, including diligence and a lack of prejudice. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006); *see also* Dkt. No. 154 at 1 (citing the same). It is not Garmin's burden to demonstrate the opposite. *Id.* Throughout its Opposition, however, Visteon argues almost exclusively about what Garmin has or has not done. *See generally* Opposition [Dkt. No 282].

Visteon does not even address that (1) it served Consolidated Supplemental Infringement Contentions more than 21 months after the deadline for final contentions and (2) it never moved for leave to amend the schedule to serve new contentions. Visteon does not address that it was well aware of its obligations, having filed the appropriate motion in a previous attempt to amend its Final Infringement Contentions with respect to the '316 Patent. Dkt. No. 154. Visteon does not even address the very basis of Garmin's Motion—that good cause and diligence are necessary to modify a deadline in the scheduling order.

Visteon's opposition does not muster a single argument or explanation for Visteon's unilateral activity without leave of court. In failing to address its own

actions, Visteon does not provide the Court with (1) an explanation for why it previously moved for leave to amend its contentions for the '316 patent but refuses to do so now or (2) good cause for allowing Consolidated Supplemental Infringement Contentions at this late stage of the case. As this Court has made clear previously, Visteon must move for leave and prove good cause to supplement infringement contentions out of time. Dkt. No. 154. Visteon's failure to do so is dispositive.

Rather than address any of these issues, Visteon reposits this issue as a discovery dispute, citing numerous decisions for the unremarkable proposition that civil discovery is broad. *See* Opposition [Dkt. No. 282] at 4. (citing *DDR Holdings*, *EPOS Techs*., and *Honeywell* for the proposition that "the scope of discovery is [not] limited to products specifically identified in infringement contentions"). Garmin does not dispute the breadth of civil discovery. **<u>But discovery closed in April 2012</u>**.[1] The question currently before the Court is not one of discovery but, instead, whether Visteon should be allowed to significantly expand this case **<u>just prior to trial</u>** having never moved for leave or established good cause to do so.

### 2. VISTEON BEARS THE BURDEN OF BOTH ESTABLISHING GOOD CAUSE AND PROVING INFRINGEMENT

<u>62 New Products</u>. With respect to the 62 products Visteon seeks to add to its contentions, Visteon suggests that they are "newer versions" having the "same

---

[1] Dkt. No. 147-1, 9th Amended 26(f) Report at 2.D.

2

functionalities" with no "colorable differences with respect to the accused functionalities." Opposition [Dkt. No. 282] at 2-3, 5. Perhaps such arguments would have been relevant to a good cause motion for leave, but Visteon has never attempted to show good cause through a motion for leave. Even if Visteon made such an attempt, Visteon has not offered any proof whatsoever of the alleged product similarity. Visteon simply makes conclusory statements through attorney argument while proffering no evidentiary support. The 62 products Visteon seeks to add are all publicly available. Yet Visteon fails to proffer any actual evidence.

Rather, Visteon argues that Garmin has not proven the 62 products *that Visteon seeks to add* are different. This attempt at shifting the burden is twice wrong. As noted above, Visteon, at all times, bears the burden of establishing good cause; it is not Garmin's burden to disprove it. *O2 Micro*, 467 F.3d at 1366. Similarly, Visteon, at all times, bears the burden of establishing infringement, including the obligation to demonstrate that any products falling within previously proffered infringement analyses function identically in all material respects. *See Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008) ("[T]he burden remains with the patentee to prove infringement, not on the defendant to disprove it."). Properly applying the burdens silences Visteon's arguments.

*Amended Claim 6*. Similar to its arguments with respect to the new products, Visteon attempts to minimize its actions by arguing that "the nature of the

3

amendment to Claim 6 was minor" and that "the amendment has no impact on the infringement inquiry, as illustrated by the fact that Visteon's infringement contentions with respect to amended Claim 6 of the '408 Patent are nearly identical to those directed to Claim 6 before amendment." Opposition [Dkt. No. 282] at 10. Here again, Visteon's arguments might have been relevant to demonstrate good cause in a motion for leave, but Visteon did not seek leave to amend the schedule. Even it Visteon had, Visteon's argument are utterly lacking in evidentiary support and could not satisfy Visteon's burden of establishing good cause.

The contemporaneous record belies the minimalist picture Visteon attempts to paint. Visteon first admitted that the scope of new claim 6 had changed when it confirmed that it is not "entitled to damages for infringement of Claim 6 for sales predating the issuance of the Certificate of Reexamination."[2] Visteon made this critical concession because it agreed that "intervening rights" applied to amended claim 6, and "intervening rights" only apply where "the scope of the claims is substantively changed." *Marine Polymer Technologies, Inc. v. HemCon, Inc.*, 659 F.3d 1084, 1091 (Fed. Cir. 2011) *vacated on other grounds for en banc reh'g,* 475 F. App'x 315 (Fed. Cir. 2012). Visteon would not have given up years worth of sales if Claim 6 was not "substantively changed." On the heels of this recognition, despite previously claiming its Final Contentions were sufficient to cover newly

---

[2] Dkt. No. 268-32, 9/23/2013 Friday Email to Mudd at 1.

amended Claim 6,[3] Visteon reversed course and served Consolidated Supplemental Final Infringement Contentions specifically addressing newly amended Claim 6.[4] In light of its express recognition that Claim 6 was substantively changed and the service of its supplemental infringement allegations addressing the same, Visteon's argument that the claims are "nearly identical" rings hollow.

It is also worth noting, in stark contrast to the "easy" picture painted by Visteon, that Visteon made critical amendments to claim 6 that resulted in a significantly disputed claim construction between Visteon and the Examiner. This claim construction dispute will become a major issue in this case if Claim 6 enters the fray because it exonerates Garmin. In order to avoid Claim 6's cancellation, Visteon amended the claim language to require category and alphanumeric searching "as mutually exclusive ways of selecting a destination" where a second list of destinations corresponds "only" to an alphanumeric signal.[5] In allowing this amendment over the same prior art that led to cancellation of Claim 1, the Examiner construed "mutually exclusive" as "being related such that one method of destination selection excludes the other."[6] If Claim 6 were to enter this case despite multiple procedural failures, Garmin intends to demonstrate its products do

---

[3] *Id.*
[4] Dkt No. 268-27, Visteon's Consolidated Supplemental Infringement Contentions.
[5] Dkt. No. 223-12, '408 Reexam Second After Final Response and Amendment dated 8/9/2013 at 2.
[6] Dkt. No. 223-13, '408 Patent Notice of Intent to Issue *Ex Parte* Reexamination Certificate at 15 (emphasis added).

5

not infringe under the Patent Office's claim construction.

Likely recognizing this fact, Visteon submitted a statement to the Patent Office expressly disagreeing with the Examiner's rationale, and Visteon will likely dispute the Examiner's construction in this proceeding.[7] Neither the parties nor the Court have addressed the amended claim language in the context of summary judgment or claim construction briefing, and no expert has addressed this claim construction or its impact on infringement or invalidity. This issue—critical to the Patent Office's issuance of amended Claim 6—cannot be simply ignored and claim construction cannot be left for a jury to sort out. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."). To be sure, Visteon's characterization that the amendments were "minor" is not accurate.

### 3. VISTEON IGNORES GARMIN'S PREJUDICE AND THE IMPACT OF ADDING THE NEW PRODUCTS AND CLAIM 6

Under the current schedule, the parties are actively preparing the Final Pre-Trial Order, and there is no procedure contemplated by which the new products and amended Claim 6 can be addressed—the deadlines for claim construction, expert reports, summary judgment, and *in limine*/*Daubert* motions have passed.

---

[7] Dkt. No. 223-14, '408 Patent Reexam Patent Owner Comments on the Statement of Reasons for Patentability And/Or Confirmation.

The schedule also does not allow for Garmin to address necessary claim construction issues, submit its own additional expert reports, move for summary judgment, or challenge whatever opinions Visteon's experts intend to offer on these issues. Absent a drastic re-structuring of the pre-trial schedule (which Garmin opposes), Garmin will be highly prejudiced by allowing these additions. Visteon's motion does not address the prejudice that Garmin will suffer if Visteon's unilateral supplementation is allowed into this case. For this reason also, the new products and new Claim 6 of the '408 patent should be excluded.

Dated:  July 23, 2015

Eric A. Buresh, Missouri Bar # 53485
Adam P. Seitz, Missouri Bar # 53929
Jason R. Mudd, Missouri Bar #57850
Paul R. Hart, Colorado Bar # 45697
Erise IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, Kansas 66211
Telephone: (913) 777-5600
eric.buresh@eriseip.com
adam.seitz@eriseip.com
jason.mudd@eriseip.com
paul.hart@eriseip.com

Respectfully submitted,

/s/  *Eric A. Buresh*
Michael J. Huget
Deborah J. Swedlow
Honigman Miller Schwartz and Cohn LLP
130 S. First Street, Fourth Floor
Ann Arbor, MI  48104
Telephone: (734) 418-4200
mhuget@honigman.com
bswedlow@honingman.com

*Counsel for Defendant Garmin International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2015, I electronically filed the above and foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Paul R. Hart*