UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON GLOBAL TECHNOLOGIES, INC.
AND VISTEON TECHNOLOGIES, LLC,

                Plaintiffs,                      Case No. 10-cv-10578

                                                Paul D. Borman
v.                                            United States District Court

                                                David R. Grand
GARMIN INTERNATIONAL, INC.,            United States Magistrate Judge

                Defendant.
_____/

OPINION AND ORDER (1) GRANTING GARMIN'S MOTION *IN LIMINE* TO EXCLUDE GARMIN PRODUCTS NOT IDENTIFIED IN VISTEON'S FINAL INFRINGEMENT CONTENTIONS AND AMENDED CLAIM 6 FROM THE '408 PATENT (ECF NO. 266), (2) GRANTING IN PART AND DENYING IN PART GARMIN'S MOTION TO STRIKE NEW EXPERT REPORTS OF DR. LOKSHIN (ECF NO. 317), AND (3) GRANTING IN PART GARMIN'S MOTION TO STRIKE AND/OR EXCLUDE PORTIONS OF SEPTEMBER 2, 2015 EXPERT REPORT OF PETER SMITH (ECF NO. 342)

Before the Court are Garmin's Motion *In Limine* to Exclude Garmin Products Not Identified in Visteon's Final Infringement Contentions and Amended Claim 6 From the '408 Patent (ECF No. 266), Garmin's Motion to Strike New Expert Reports of Dr. Lokshin (ECF No. 317) and Garmin's Motion to Strike and/or Exclude Portions of September 2, 2015 Expert Report of Peter Smith (ECF No. 342). Visteon has filed Responses (ECF Nos. 282, 334, 352) and Garmin filed Replies (ECF Nos. 325, 337, 357). The Court finds that additional oral argument would not assist the Court in resolving these motions and will, therefore, decide them on the parties' written submissions. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court GRANTS Garmin's motion to exclude additional products and amended Claim 6 from this action, GRANTS IN PART AND

1

DENIES IN PART Garmin's motion to strike Dr. Lokshin's new reports (ECF No. 317) and GRANTS IN PART Garmin's motion to strike portions of Peter Smith's damage report (ECF No. 342).

On December 18, 2013, more than 21 months after the Court-imposed deadline for filing final infringement contentions, Visteon served on Garmin its Consolidated Supplemental Infringement Contentions ("Supplemental FICs"). Visteon's Supplemental FICs included new infringement contentions directed to nearly 60 additional accused Garmin products ("the additional accused products") and also included new infringement contentions regarding amended claim 6 of the '408 patent, for which the Patent Office issued a reexamination certificate on September 16, 2013 ("amended claim 6"). Nearly two years later, on July 3, 2015, just after the deadline for filing motions *in limine* and *Daubert* motions in this action had lapsed and just weeks before the scheduled Final Pretrial Conference, Visteon served new expert reports of its technical expert, Dr. Anatole Lokshin, offering new infringement opinions on the additional accused products and amended claim 6. Then, on September 2, 2015, Visteon served the new expert report of its damage expert, Mr. Peter Smith, also addressing in part amended claim 6. Garmin now seeks to exclude the additional accused products and amended claim 6 from this action and moves to strike the new expert reports of Dr. Lokshin and Dr. Smith directed to those issues. Despite the passing of the relevant Scheduling Order deadlines, Visteon has never sought leave of Court to add these new infringement contentions or to serve new expert reports addressing them.

Much of the background regarding Visteon's efforts to introduce its Supplemental FICs into this case is set forth in previous Orders of this Court. *See* (1) ECF No. 333, Magistrate Judge David R. Grand's Order Denying Plaintiffs' Motion to Compel Discovery Supplementation; and (2) ECF

2

No. 343, Order Affirming Magistrate Judge David R. Grand's July 29, 2015 Order Denying Plaintiff's Motion to Compel Discovery Supplementation (the "9/22/15 Order"). In the 9/22/15 Order, this Court denied Visteon's motion to compel discovery supplementation with respect to the additional accused products, foreclosing their introduction into this case. Accordingly, the Court GRANTS Garmin's motion to exclude these additional accused products from this action and GRANTS Garmin's motion to strike those portions of Dr. Lokshin's new expert report that relate to the additional accused products.

Also included in Visteon's December 18, 2013 Supplemental FICs were new infringement contentions directed to amended claim 6 of the '408 patent. As explained in the Court's 9/22/15 Order, Garmin quickly objected after being served with Visteon's Supplemental FICs. *See* ECF No. 268-3, 1/31/14 letter from J. Mudd to J. Friday. The parties exchanged additional correspondence on the topic of the Supplemental FICs throughout early 2014, in which Garmin registered a detailed objection to the introduction of the additional accused products. While the parties' correspondence in early 2014 does appear to focus on the Supplemental FICs directed to the additional accused products, Garmin did not limit its initial objection to those contentions: "Garmin has completed its review and objects to Visteon's supplemental contentions." ECF No. 268-33, January 31, 2014 letter from J. Mudd to J. Friday. In subsequent correspondence to Garmin addressing Garmin's specific objections directed to the additional accused product contentions, Visteon stated that it "appeared" that Garmin had no objection regarding the supplementation of infringement contentions as to amended claim 6. *See* ECF No. 268-34 (February 6, 2014 letter from J. Friday to J. Mudd).

Visteon relies on Garmin's failure to affirmatively disclaim this "appearance" of consent as evidence of Garmin's "agreement" that amended claim 6 is properly before this Court as part of this

3

action. The Court did hear oral argument from the parties at the September 28, 2015 Final Pretrial Conference with regard to their respective positions on whether amended claim 6 is properly a part of this action. (ECF No. 348, Transcript of 9/28/15 Final Pretrial Conference at 10-17.) Visteon argues that its inaction with regard to the Supplemental FICs directed to amended claim 6 should be judged differently from its failure to bring to the Court's attention the parties' impasse over the additional accused product contentions, conduct that was the subject of the Court's 9/22/15 Order. Visteon reasons that Garmin consented to the Supplemental FICs with respect to amended claim 6 by failing to specifically raise amended claim 6 again in the parties' early 2014 correspondence that focused on the additional accused products. Visteon explained its position at the September 28, 2015 Final Pretrial Conference, during which the Court asked the parties to address the issue of whether amended claim 6 is properly a part of this case:

> The Court: Well, they state in their letter of January 31st, 2014, that we object to Visteon's supplemental contentions. . . .
>
> Mr. McDermott: So the letter that you refer to, Your Honor, the objection was with respect to adding those new products.
>
> The Court: Right.
>
> Mr. McDermott: There was no objection made with respect to amended Claim 6. And, in fact, when we pointed out to them they had not made any objection to amended claim 6, the infringement contentions for amended Claim 6, there was no response.

ECF No. 348, FPTC Hr'g Tr. 16-17 (alteration added). Visteon's counsel further placed the blame on Garmin for failing, at that point, to request further discovery and claim construction with respect to the Supplemental FICs regarding amended Claim 6. *Id.* at 15. In placing the blame on Garmin for failing to seek discovery and claim construction, Visteon of course assumes the very point that

4

Garmin now contests – that amended claim 6 was properly made a part of the case simply by virtue of Visteon's service of the Supplemental FICs. From Garmin's perspective, the Scheduling Order deadline for serving final infringement contentions had passed and it was not Garmin's burden to seek discovery or claim construction on the new amended claim 6 infringement contentions that had not properly been made a part of the case through a proper motion for leave.

As with its decision not to bring to the Court's attention the parties' obvious impasse over the Supplemental FICs directed to the additional accused products, Visteon made another strategic choice when it elected to "assume" that Garmin consented to the addition of amended claim 6 into this action, rather than filing a motion for leave to amend its final infringement contentions in the face of Garmin's initial January 31, 2014 objection. Had Visteon sought clarity at that time, the Court could have settled the issue of whether amended claim 6 should be a part of this case at a stage of proceedings when an inquiry into the need for additional discovery and claim construction would not so acutely have disrupted final trial preparation. Instead, Visteon waited until June 12, 2015, just days before pretrial motions were due to be filed, to bring the matter to the Court's attention by requesting a "status conference" to discuss whether amended claim 6 is properly a part of this case – even then not properly presenting the issue by way of a motion for the Court's determination. *See* ECF No. 241, Plaintiffs' Request for a Status Conference. On June 25, 2015, Garmin responded to this "Request" with the motion to exclude amended Claim 6, ECF No. 266, that is presently before the Court. Continuing to rely on its "assumption" that amended claim 6 was properly a part of this case, Visteon waited until July 3, 2015, after the deadline for filing pretrial motions had lapsed, to serve its new expert reports directed to amended claim 6.

There are two significant problems with Visteon's position. First, based on Visteon's failure

to timely bring the obvious impasse over the additional accused products to the Court's attention, there is no reason to assume that *had* Garmin specifically reiterated its objection to the amended claim 6 contentions, Visteon would have timely sought relief from the Court with respect to *those* supplemental infringement contentions. Second, Garmin argues that Fed. R. Civ. P. 16, governing amendments to the Court's scheduling orders, controls here, both as to Visteon's Supplemental FICs and its new expert reports, both of which were served beyond the relevant Court imposed deadlines. Visteon, for its part, waited until June 12, 2015, to "request a status conference" to discuss whether infringement contentions directed at amended claim 6, admittedly served on Garmin beyond the Scheduling Order deadline for serving final infringement contentions and without leave of Court, were properly a part of this case. Of course, the Supplemental FICs directed to amended claim 6, which only emerged from reexamination on September 16, 2013, necessarily arose after the March 1, 2012 deadline for filing final infringement contentions. But this fact alone would not relieve Visteon of its burden to seek leave of Court to file the Supplemental FICs directed to amended claim 6 out of time. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Ind., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "A district court should also consider the possible prejudice to the party opposing the modification." *Id.* The burden of establishing good cause is on the moving party – here Visteon. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (party who fails to seek leave to amend a scheduling order deadline must demonstrate good cause for the failure to timely move); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence."). Visteon cannot meet this burden

here.

Visteon served supplemental FICs and new expert reports beyond the Scheduling Order deadlines and chose not to seek leave of Court to do so, even in the face of Garmin's objections. Visteon acted at its own peril when, rather than pinning the issue down by way of a motion, it elected to "assume" that Garmin's "silence" manifested consent to the addition of new infringement contentions directed to amended claim 6. Assuming such consent, Visteon proceeded to prepare amended claim 6 for trial, waiting nearly two years and allowing the pretrial motion deadline to lapse before serving its new expert reports directed at the new amended claim 6 infringement contentions. It is simply inconceivable, given the parties' litigation conduct in this matter over the past six years, that Visteon could reasonably have believed that Garmin understood amended claim 6 to be a part of this case and was prepared to proceed to trial on Visteon's amended claim 6 infringement contentions, untested by discovery and claim construction and unrebutted by Garmin's own expert reports.

This case is poised for trial. *In limine* and *Daubert* motions have been filed and the case will be placed on the Court's calendar for trial this summer. Allowing amended claim 6 to be introduced into the case at this stage would require, at the very least, that the Court halt all progress to address Garmin's contention that amended claim 6 is a substantive change over original claim 6 that will require additional expert discovery, claim construction and motion practice. *See MobileMedia Ideas, LLC v. Apple Inc.*, No. 10-258, 2012 WL 5554480, at *1-3 (D. Del. Nov. 15, 2012). While Visteon claims that its Supplemental FICs directed to amended claim 6 are simply "supplementation" governed by Rule 26(e), and therefore no good cause standard need be met, Garmin disagrees and asserts that the Supplemental FICs are "new opinions" and not

7

supplementation and that Rule 16's good cause standard applies. The very fact that Visteon deemed it necessary to serve supplemental infringement contentions and to have Dr. Lokshin prepare a supplemental expert report addressed to the amended claim 6 infringement contentions certainly suggests something more than a "slight" change. Regardless, it is undisputed that even to make this determination would require a significant disruption of this case far too late in the proceedings. As with the additional accused products, Visteon is not foreclosed by this ruling from bringing a claim based on amended claim 6 in a case in the future. What it cannot do is further delay this case by introducing this amended claim, along with new and untested expert reports, into this case at this late date.

Visteon has failed to establish that it acted with a diligence that satisfies Rule 16's good cause standard and the prejudice to Garmin, and the certainty of a further delay in the trial of this case, are significant factors weighing against allowing amended claim 6 to be a part of this case. Accordingly, the Court GRANTS Garmin's motion to exclude amended Claim 6 (ECF No. 266). As Visteon recognized in an email from Joe Janusz to Paul Hart dated July 22, 2015, resolution of this motion (ECF No. 266) also resolves Garmin's motion to exclude Dr. Lokshin's supplemental expert reports related to the additional products and to amended claim 6 and any portions of Peter Smith's 3rd Supplemental Report directed to amended claim 6. The Court therefore GRANTS IN PART Garmin's motion to strike Dr. Lokshin's new reports (ECF No. 317) and strikes those portions that relate to the additional accused products and amended claim 6, and GRANTS IN PART Garmin's motion to strike Peter Smith's new reports (ECF No. 342), striking those portions of Peter Smith's

3rd Supplemental Report that relate to amended claim 6.[1]

The Court, however, DENIES that portion of Garmin's motion seeking to strike those portions of Dr. Lokshin's new reports that amount to, in Garmin's own words, "a timeline of the reexaminations of the '060 and '408 Asserted Patents." ECF No. 317, Garmin's Mot. 1. Garmin's only objection to this portion of Dr. Lokshin's new report "is simply that **Visteon waited nearly two years** to proffer them." ECF No. 337, Garmin's Reply 6 (emphasis in original). Certainly Visteon could have acted sooner given that the reexaminations were complete sometime in late 2013, but neither party scores a perfect 10 with regard to diligence in this case. Garmin does not dispute that Dr. Lokshin's "reexamination opinions" constitute supplementation and were technically therefore properly and timely filed under Rule 26(e). Accordingly, the Court DENIES Garmin's motion to strike these portions of Dr. Lokshin's new report on the basis of untimeliness.

For the foregoing reasons, the Court GRANTS Garmin's Motion *In Limine* to Exclude Garmin Products Not Identified in Visteon's Final Infringement Contentions and Amended Claim 6 From the '408 Patent (ECF No. 266), GRANTS IN PART AND DENIES IN PART Garmin's Motion to Strike New Expert Reports of Dr. Lokshin (ECF No. 317) and GRANTS IN PART Garmin's Motion to Strike and/or Exclude Portions of September 2, 2015 Expert Report of Peter Smith (ECF No. 342).

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: MAY 2 3 2016

---

[1] The remainder of Garmin's Motion to Strike and/or Exclude Portions of September 2, 2015 Expert Report of Peter Smith will be addressed in a separate Opinion and Order to be issued at a later date.