UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON GLOBAL TECHNOLOGIES, INC.
AND VISTEON TECHNOLOGIES, LLC,

        Plaintiffs,                Case No. 10-cv-10578

                                                Paul D. Borman
v.                                               United States District Court

                                                David R. Grand
GARMIN INTERNATIONAL, INC.,      United States Magistrate Judge

        Defendant.
_____/

OPINION AND ORDER (1) GRANTING IN PART VISTEON'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE SECOND REEXAMINATION (ECF NO. 247); (2) GRANTING VISTEON'S MOTION *IN LIMINE* PRECLUDING GARMIN FROM MENTIONING THE SPECIAL MASTER'S REPORT ON CLAIM CONSTRUCTION AND SUMMARY JUDGMENT AT TRIAL (ECF NO. 248); (3) GRANTING GARMIN'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY VISTEON'S EXPERT WITNESSES REGARDING GARMIN'S STATE OF MIND (ECF NO. 261); AND (4) GRANTING IN PART GARMIN'S MOTION *IN LIMINE* TO EXCLUDE IMPROPER ARGUMENTS REGARDING GARMIN'S OPINIONS OF COUNSEL (ECF NO. 263)

      The parties in this patent litigation have filed numerous motions *in limine*, several of which are addressed in this Opinion and Order. Presently before the Court are: (1) Visteon Global Technologies, Inc. and Visteon Technologies, LLC's ("Visteon") Motion *in Limine* to Exclude Evidence of the Second Incomplete

1

Reexamination of Visteon's '408 Patent (ECF No. 247); (2) Visteon's Motion *in Limine* Precluding Garmin From Mentioning the Special Master's Reports and the Court's Orders on Claim Construction and Summary Judgment (ECF No. 248); (3) Garmin International Inc.'s ("Garmin") Motion *in Limine* to Preclude Testimony by Visteon's Expert Witnesses Regarding Garmin's State of Mind (ECF No. 261); and (4) Garmin's Motion *in Limine* to Exclude Improper Arguments Regarding Garmin's Opinions of Counsel (ECF No. 263). The Court has determined that oral argument will not assist in resolution of the matters raised in the parties' motions and accordingly will decide these matters on the parties' written submissions. *See* E.D. Mich. L.R. 7.1(f)(2).

## I.     BACKGROUND

This is an action for patent infringement and the detailed facts of the litigation are set forth in multiple prior Orders of this Court. To summarize, in the claims that remain for trial, Visteon contends that Garmin infringes, either directly or indirectly, U.S. Patent No. 5,544,060 ("the '060 patent"), U.S. Patent No. 5,654,892 ("the '892 patent") and U.S. Patent No. 5,832,408 ("the '408 patent"). In general, the '060 patent is directed to a method of navigating a vehicle whereby a user can generate an optimal path and then switch to an alternate navigation path before beginning on the optimal path. Visteon contends that Garmin directly infringes Claims 3, 4, and 6 and

indirectly infringes Claim 3 of the '060 patent. In general, the '892 patent is directed to a method for assisting the navigation of a vehicle whereby a complex arrow icon is generated and displayed to the driver at a predetermined time or distance before the driver reaches a particular maneuver. Visteon contends that Garmin directly and indirectly infringes Claim 8 of the '892 patent. In general, the '408 patent is directed to a navigation system which allows the user to search for a destination either from a list of categories or from an alphanumeric search. Visteon contends that Garmin directly and indirectly infringes Claims 4 and 5 of the '408 patent.

Visteon contends that a variety of Garmin navigation products ("the accused products") infringe one or more the asserted claims literally and under the doctrine of equivalents. Visteon contends that Garmin directly infringes, actively induces infringement and/or contributorily infringes one or more of the asserted claims of the asserted patents, and that Garmin's infringement is and has been willful. Visteon seeks damages in the form of a reasonable royalty for Garmin's alleged infringement. Visteon also seeks prejudgment interest, enhanced damages, attorneys' fees, and costs, including without limitation any fees and costs associated with participating in multiple *ex parte* proceedings at the United States Patent and Trademark Office ("USPTO") as initiated by Garmin in this action. Garmin denies that it directly, indirectly or contributorily infringed or induced infringement of any of the patents in

suit and affirmatively asserts a host of invalidity defenses. Garmin seeks judgment in its favor and requests that it be awarded its costs and reasonable attorneys' fees incurred in defending against Visteon Complaint.

## II.    STANDARD OF REVIEW

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

## III.   ANALYSIS

### A.   Visteon's Motion *in Limine* to Exclude Evidence of the Second Incomplete Reexamination of Visteon's '408 Patent (ECF No. 247)

In connection with the pending '408 reexamination proceeding that was requested by Garmin on November 21, 2014, Visteon's expert, Dr. Anatole Lokshin, submitted in the United States Patent Office ("USPTO") proceedings a lengthy Declaration discussing the '408 patent and the claims of the '408 patent that remain in suit. (ECF No. 297, Garmin's Exs. to Resp. to Motion to Exclude Evidence of

4

Second Reexamination of the '408, Ex. JJ) ("Lokshin Decl."). The parties are in agreement that it is generally improper to introduce evidence of an incomplete reexamination proceeding. *See SSL Services, LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1093 (Fed. Cir. 2014) (holding that "district court did not abuse its discretion in finding that the probative value of unfinished agency proceedings was substantially outweighed by the risk of unfair prejudice to the patentee and the potential for misleading the jury, thereby justifying exclusion under Federal Rule of Evidence 403"). *See also Hochstein v. Microsoft Corp.*, No. 04-cv-73071, 2008 WL 3925282, at *2-3 (E.D. Mich. Aug. 21, 2008) (excluding evidence of an incomplete reexamination as "unfairly prejudicial to Plaintiffs pursuant to Rule 403," and likely to be "confusing to the jury"). Accordingly, the Court GRANTS Visteon's motion to exclude evidence that the '408 patent is under reexamination and no evidence will be permitted to be introduced before the jury regarding the fact of the '408 reexamination proceeding.

Garmin argues, however, that it should be permitted to use Dr. Lokshin's Declaration, which is a sworn statement submitted in a prior formal proceeding, on cross-examination without referencing the pending reexamination in which it was submitted. Visteon "does not dispute that Dr. Lokshin's Declaration can be used for cross-examination purposes," but takes the position that "the PTO's decisions in an

incomplete reexamination are inadmissible." ECF No 307, Visteon's Reply 1. However, Visteon seeks to limit Garmin's use of Dr. Lokshin's Declaration on cross-examination by permitting reference only to prior art invalidity positions that Garmin has previously advanced in this action. *Id*. at 2. Visteon asserts that Garmin is advancing certain prior art invalidity positions in the '408 reexamination proceedings that have never been asserted in this case and are not among the prior art references that Garmin intends to advance at trial. Visteon argues that Garmin should not be permitted to "back door" new prior art references for the first time through the use of Dr. Lokshin's Declaration. *Id*. at 2-3.

The Court agrees that Garmin cannot introduce *new* prior art invalidity positions beyond those identified in the First Amended Joint Final Pretrial Order that was submitted to the Court on or about May 13, 2016. In addition, Garmin will be required to choose three per patent from among those positions listed in the First Amended Joint Final Pretrial Order no less than fifty (50) days before trial. This Court's July 8, 2011 Order modifying the Rule 26(f) Report restricted Garmin to advancing three (3) prior art invalidity position per patent for trial. ECF No. 78, Order (Fourth) Modifying Rule 26(f) Report ¶ 3.

Garmin also seeks to introduce evidence of the fact of the pending reexamination of the '408 patent *only to the Court* as bearing on the issue of

willfulness. Garmin argues in its brief that "[t]o prevail on an allegation of willfulness, a patentee must first "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). After Garmin submitted its brief, however, the Supreme Court abrogated *Seagate* in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, __U.S.__, 136 S.Ct. 1923,__L.Ed.2d__ (2016). In *Halo*, the Supreme Court concluded that *Seagate's* two-part test, that "requires a finding of objective reasonableness in every case before district courts may award enhanced damages, . . . is unduly rigid, and [] impermissibly encumbers the statutory grant of discretion to district courts." *Id.* at 1932 (alterations added). The Court also found no basis for imposing the "clear and convincing" burden of proof that *Seagate* imposed, and held that enhanced damages are to be determined based on a preponderance of the evidence standard. 136 S.Ct. at 1934. *Halo* held that requiring a patent holder to cross an "objective reasonableness" threshold to become entitled to an award of enhanced damages improperly rewarded the "ingenuity" of an infringer's post-hoc litigation defense, permitting infringers to escape liability for enhanced damages provided that they were able 'to muster a reasonable (even though unsuccessful) defense of the infringement at trial.'" *WBIP, LLC v. Kohler, Co.*, __F.3d__, 2016 WL 3902668, at *15 (Fed. Cir. 2016) (quoting

*Halo*, 136 S.Ct. at 1933). Accordingly the Federal Circuit has recognized in the wake of *Halo* that an infringer "cannot insulate itself from liability for enhanced damages by creating an (ultimately unsuccessful) invalidity defense for trial after engaging in the culpable conduct of copying, or 'plundering,' [the] patented technology prior to litigation." *WBIP*, 2016 WL 3902668, at *15 (alteration added).

It is now established, therefore, that "[p]roof of an objectively reasonable litigation-inspired defense to infringement is no longer a defense to willful infringement." *WBIP*, 2016 WL 3902668, at *15. *Halo* has not changed "prior precedent that there is a right to a jury trial on the willfulness question." *Id*. at *15 n. 13. A jury finding of willfulness, however, does not dictate that a court "ought to" award enhanced damages. *Id*. "Whether the conduct is sufficiently egregious as to warrant enhancement and the amount of the enhancement that is appropriate are committed to the sound discretion of the district court." *Id*.

Garmin seeks to introduce the fact of the second '408 reexamination only to the Court for its consideration of the now-disavowed objective prong of the willfulness test: "Because the Court must decide the objective prong, Garmin intends to present evidence of the Pending Reexam only to the Court." ECF No. 288, Garmin's Resp. 5. Because "objective reasonableness" is no longer the standard after *Halo*, the Court must reject Garmin's stated basis for seeking to introduce evidence of the '408

reexamination proceedings. Less clear after *Halo* is whether evidence of the fact of the pending '408 reexamination remains relevant at all to the Court's ultimate decision whether to award enhanced damages assuming a jury finding of willfulness. The Court in *Halo* rejected the objective willfulness test in part because it failed to examine an infringer's culpability *at the time* of the challenged conduct. 136 S.Ct. at 1933. But *Halo* also instructs district courts, when exercising their discretion, "'to be guided by [the] sound legal principles' developed over nearly two centuries of application and interpretation of the Patent Act." 136 S.Ct. at 1936 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)) (alteration in original). "Those principles channel the exercise of discretion, limiting the award of enhanced damages to egregious cases of misconduct beyond typical infringement." *Id.* at 1936. In the end, the Court in *Halo* directed district courts, "[a]s with any exercise of discretion [to] continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." *Id.* at 1933. *See Finjan, Inc. v. Blue Coat Systems, Inc.*, No. 13-cv-03999, 2016 WL 3880774, at *16 (N.D. Cal. July 18, 2016) (interpreting *Halo* to have imposed no "rigid formula" for what a district court may consider in determining egregiousness, and evaluating the factors identified in *Read Corp. v. Portec, Inc.*, 970 F.3d 816 (Fed. Cir. 1992) to determine whether to award enhanced damages); *PPC Broadband, Inc. v. Corning Optical Communications*

*RF, LLC*, __F. Supp. 3d__, 2016 WL 3365437, at *6 (N.D.N.Y. June 16, 2016) (finding in the wake of *Halo* that, although an infringer's meritorious defenses "no longer guarantee an alleged infringer can overcome a willfulness finding," such defenses are "nevertheless relevant to 'the particular circumstances of [a] case in deciding whether to award damages, and in what amount'") (quoting *Halo*, 136 S.Ct. at 1933-34). Because the parties have not had an opportunity to brief this issue since the *Halo* decision issued, the Court will determine at the time of trial whether to consider evidence of the fact of the '408 reexamination proceedings on the issue of egregiousness in the event that there is a finding of willfulness and the Court is called upon to exercise its discretion in determining whether to award enhanced damages.

Accordingly, Visteon's Motion *in Limine* to Exclude Evidence of the Second Incomplete Reexamination of Visteon's '408 Patent is GRANTED IN PART. Garmin will not be precluded from using Dr. Lokshin's Declaration on cross-examination as long as this is done without reference to the reexamination or the preliminary rejections. Such cross-examination will be limited by the Court's instruction barring any effort by Garmin to introduce new prior art invalidity positions through cross-examination of Dr. Lokshin.

> **B.** **Visteon's Motion *in Limine* Precluding Garmin From Mentioning the Special Master's Report and the Court's Orders on Claim Construction and Summary Judgment at Trial (ECF No. 248)**

Visteon moves the Court to preclude Garmin from mentioning or presenting testimony or other evidence at trial concerning (1) the Special Master's Claim Construction Report (ECF No. 67), (2) this Court's Order adopting the Special Master's Claim Construction Report (ECF no. 103), (3) the Special Master's Report and Recommendation Regarding Summary Judgment (ECF No. 226), or (4) this Court's adopting in part and rejecting in part the Special Master's Summary Judgment Report (ECF No. 235). Garmin agrees that reference to or evidence of these Reports and Orders at trial is properly excluded. Therefore, the Court GRANTS Visteon's motion and holds that *neither party* will be permitted to refer to or to introduce evidence of any of these Reports or Orders before the jury, as any possible relevance is outweighed by the potential for prejudice and confusion of the issues if the Court's prior pronouncements are presented to the jury. *See* Fed. R. Evid. 401, 402 and 403.

> **C.** **Garmin's Motion *in Limine* to Preclude Testimony by Visteon's Expert Witnesses Regarding Garmin's State of Mind (ECF No. 261)**

Garmin seeks to exclude any testimony by Visteon's experts regarding Garmin's intent, motive or state of mind. Unsurprisingly, Visteon agrees with this inarguable position but insists that its experts must not be precluded from testifying as to facts that underlie Visteon's positions on the issues of intent, motive and state

of mind. Unsurprisingly, Garmin responds that it has no intent of seeking to exclude such underlying facts: "Garmin does not now, and has not ever sought to preclude Visteon's experts from testifying about actual underlying facts." ECF No. 321, Garmin Reply 3. Given this agreement, it is unclear why the parties elected to waste attorney and Court time on this issue.

Experts may testify to the facts underlying the issues of intent or motive but may not go the next step to infer for the jury or the Court that those facts demonstrate a certain intent, motive or state of mind. Such conclusions are well within the province of the jury, which needs no expert assistance in reaching them. *See CMI-Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir. 1996), abrogated on other grounds by *Morales v. Am. Honda Motor Co.*, 151 F.3d 500 (6th Cir. 1998)) ("The intent of the parties is an issue within the competence of the jury and expert opinion testimony will not assist the jury, within the meaning of Federal Rule of Evidence 702, in determining the factual issue of intent."). *See also Hunt v. Hadden*, 127 F. Supp. 3d 780, 788 (E.D. Mich. 2015) (internal quotation marks and citation omitted) ("Expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case. The jury is sufficiently capable of drawing its own inferences regarding intent, motive, or state of mind from the evidence, and permitting expert testimony on this subject would be merely

substituting the expert's judgement for the jury's and would not be helpful to the jury.").

Accordingly, the Court GRANTS Garmin's motion. No expert may testify as to a party's intent, motive or state of mind and no expert may opine as to any of the ultimate legal issues in the case, including the issues of inducement and willfulness.

### D. Garmin's Motion *in Limine* to Exclude Improper Arguments Regarding Garmin's Opinions of Counsel (ECF No. 263)

Garmin has obtained opinions of Garmin's in-house counsel in this matter as to all of the asserted patents that remain for trial and has elected not to waive attorney-client privilege and not to use those opinions at trial. Visteon seeks to introduce evidence at trial that Garmin obtained opinions of counsel but has elected not to produce them for consideration by the jury at trial. The Federal Circuit has made certain things clear with respect to the admissibility of evidence regarding opinions of counsel: (1) "[T]here is no affirmative obligation to obtain opinion of counsel." *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008) (internal quotation marks and citation omitted) (alteration added); (2) "The adverse inference that an opinion was or would have been unfavorable, flowing from the infringer's failure to obtain or produce an exculpatory opinion of counsel, is no longer warranted." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004); and (3) Evidence of an alleged infringer's failure

13

to produce an opinion of counsel is nonetheless relevant to a determination of the "totality of circumstances" that inform a finding (or not) of willfulness. *Broadcom*, 543 F.3d at 699.

The Federal Circuit has not, however, expressly weighed in on the precise issue presented here: whether evidence of the fact that an alleged infringer obtained an opinion of counsel, but elected not to waive the attorney client privilege and rely on the opinion at trial, is admissible. The Federal Circuit has clearly held that the failure to "procure or offer" an opinion of counsel at trial may be considered by the jury as one factor in assessing whether, under the totality of circumstances, infringement was willful. *Broadcom*, 543 F.3d at 698. But informing the jury that an opinion of counsel was obtained, and that the alleged infringer has chosen to maintain privilege and elected not to rely on that information at trial, suggests something slightly different for the jury's consideration that tends toward eliciting the prohibited adverse inference that the opinion that *was* obtained was unfavorable.

A few district court cases discussing *Broadcom* and specifically this issue shed some light on the analysis. Visteon urges the Court to consider *Parker-Hannifin v. Wix Filtration Corp.*, No. 07-cv-1374, 1375, 2011 WL 976559 (N.D. Ohio March 17, 2011), a case in which, as here, defendants had obtained an opinion of counsel but declined to waive the attorney client privilege and refused to produce the opinion they

14

had obtained. *Id*. at *11. The trial court acknowledged that *Broadcom* involved a failure of the alleged infringer to *procure* an opinion of counsel and that the case *sub judice* involved an opinion that was procured but not presented. The court concluded, however, that "Defendants could not seek to insulate themselves from the jury instruction regarding opinion of counsel based on their tactical decision not to produce the opinion." *Id*. The court's ultimate jury instruction, however, mimicked the instruction in *Broadcom* and instructed that the jury could consider the failure to present a legal opinion as one factor in assessing willfulness. *Id*. at *12. The jury was not instructed that it could consider the fact that an opinion was procured but that defendants chose to maintain privilege and elected not to present that opinion at trial. The Court finds that this distinction makes a difference, as two district courts have expressly recognized.

In *Retractable Technologies Inc. v. Becton, Dickinson and Co.*, No. 07-cv-250, 2009 WL 8725107 (E.D. Texas Oct. 8, 2009), defendant had obtained an opinion of counsel but maintained attorney client privilege and chose not to produce the opinion. Summarizing the Federal Circuit's decisions in *Broadcom*, *In re Seagate*, and *Knorr-Bremse*, the court observed that defendant's decision not to waive privilege over an opinion of counsel left defendant "in essentially the same position that it would be in had it not obtained any opinion of counsel at all." *Id*. at *4. The court concluded that

15

Federal Circuit precedent required that plaintiff be permitted to introduce evidence of such a failure to produce an opinion of counsel at trial. *Id.* The court cautioned, however, that no adverse inference could be suggested or inferred from that failure:

> Plaintiffs may not attempt to draw any adverse inference regarding willfulness from Defendant's failure to produce an opinion of counsel at trial. Nonetheless, for purposes of trial, Defendant's decision not to waive privilege over an opinion of counsel leaves Defendant in essentially the same position that it would be in had it not obtained any opinion of counsel at all. Failure to produce an opinion of counsel at trial can be considered by the finder of fact as part of the "totality of circumstances" regarding willfulness. *See Broadcom*, 543 F.3d at 683 and 700. Thus, Plaintiffs should be permitted to introduce evidence or argument of this failure to produce an opinion of counsel at trial, although Plaintiffs cannot submit that any adverse inference should be drawn as to what the content of an opinion of counsel would have been. For example, Plaintiffs cannot argue that the failure to produce an opinion of counsel at trial means that any opinion obtained was negative or would have been negative, nor can Plaintiffs present evidence or argument that Defendant obtained an opinion of counsel but has declined to produce it. Any such arguments, inferences, insinuations, or implications would be irrelevant and would put "inappropriate burdens on the attorney-client relationship." *In re Seagate Tech.*, LLC, 497 F.3d at 1370 (quotation omitted).

2009 WL 8725107, at *4 (footnotes omitted).

Similarly, in *Georgetown Rail Equip. Co. v. Holland L.P.,*, No. 13-cv-366, 2014 WL 6467782, (E.D. Texas Nov. 17, 2014) (Love, MJ), the court reached the same conclusion on similar facts:

> Georgetown is permitted to introduce evidence or arguments regarding the absence of an opinion of counsel at trial, but Georgetown cannot indicate Holland had an affirmative duty to seek an opinion of counsel,

> nor can it indicate that any adverse inference should be drawn as to what the content of an opinion of counsel would have been. For example, Georgetown is prohibited from presenting the argument that the absence of an opinion of counsel at trial means that any opinion obtained was negative or would have been negative. Moreover, Georgetown may not argue or present evidence that Holland sought an opinion of counsel but has declined to produce it. Any such arguments, inferences, insinuations, or implications would be irrelevant and would put "inappropriate burdens on the attorney-client relationship." Seagate, 497 F.3d at 1370 (citing *Knorr–Bremse*, 383 F.3d at 1345–46); *see also Retractable Technologies*, 2009 WL 8725107, at *3–4.

2014 WL 6467782, at *2 (citing *Retractable Technologies*).

The Court concludes that permitting Visteon to submit evidence of Garmin's failure to provide an opinion of counsel at trial, but prohibiting Visteon from submitting evidence that Garmin did in fact procure such an opinion but elected to maintain the attorney client privilege and not produce that opinion at trial, strikes an appropriate balance between disallowing the prohibited adverse inference to Garmin of an unfavorable opinion of counsel while at the same time preserving Visteon's right to argue to the jury that Garmin's failure to produce such an opinion for trial can be considered as a factor in the jury's determination of willfulness.

Accordingly, the Court GRANTS IN PART Garmin's motion and will permit Visteon to introduce evidence or argument regarding the absence of an opinion of counsel at trial. Visteon will be precluded from introducing evidence or argument that Garmin in fact procured such an opinion but elected to maintain attorney client

privilege and not produce or rely on that opinion at trial.

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS IN PART Visteon's Motion *in Limine* to Exclude Evidence of the Second Incomplete Reexamination of Visteon's '408 Patent (ECF No. 247);

(2) GRANTS Visteon's Motion *in Limine* Precluding Garmin From Mentioning the Special Master's Report and the Court's Orders on Claim Construction and Summary Judgment at Trial (ECF No. 248);

(4) GRANTS Garmin's Motion *in Limine* to Preclude Testimony by Visteon's Expert Witnesses Regarding Garmin's State of Mind (ECF No. 261); and

(5) GRANTS IN PART Garmin's Motion *in Limine* to Exclude Improper Arguments Regarding Garmin's Opinions of Counsel (ECF No. 263).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 18, 2016.

s/Deborah Tofil<br>
Case Manager