UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISTEON GLOBAL TECHNOLOGIES, INC.
AND VISTEON TECHNOLOGIES, LLC,

      Plaintiffs,        Case No. 10-cv-10578

                Paul D. Borman
v.              United States District Court

                David R. Grand
GARMIN INTERNATIONAL, INC.,    United States Magistrate Judge

      Defendant.
_____/

OPINION AND ORDER (1) ADOPTING IN PART AND REJECTING IN PART THE
SPECIAL MASTER'S REPORT AND RECOMMENDATION (ECF NO. 375),
(2) DENYING VISTEON'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE
ANY ARGUMENT, EVIDENCE OR TESTIMONY THAT IS
CONTRARY TO THE COURT'S CLAIM CONSTRUCTION (ECF NO. 250);
(3) DENYING VISTEON'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE
ANY ARGUMENT, EVIDENCE OR TESTIMONY CONCERNING GARMIN'S 35 U.S.C. §
112 DEFENSES AGAINST THE '060 PATENT THAT ARE DIRECTED
TO THE ACCUSED PRODUCTS (ECF NO. 251);
(4) SUSTAINING VISTEON'S OBJECTIONS TO THE SPECIAL MASTER'S
REPORT AND RECOMMENDATION RELATING TO GARMIN'S
MOTION *IN LIMINE* NO. 5 (ECF NO. 383); AND
(5) DENYING GARMIN'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE DR. JOEL
STECKEL'S USE SURVEY REGARDING THE '892 PATENT (ECF NO. 264)

Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC's ("Visteon")

and Defendant Garmin International, Inc.'s ("Garmin"), have filed numerous motions *in limine* in

this patent infringement action, including several *Daubert*[1] motions seeking to exclude the opinions

of the opposing party's experts. On June 14, 2016, the Court referred the following three *in limine*

_____

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

motions to Special Master Gaynell C. Methvin, who has served in the role of Special Master in this case since its inception on the parties' mutual consent: (1) Visteon's Motion *in Limine* No. 4 to Exclude Any Argument, Evidence or Testimony That is Contrary to the Court's Claim Construction (ECF No. 250); (2) Visteon's Motion *in Limine* No. 5 to Exclude Any Argument, Evidence or Testimony Concerning Garmin's 35 U.S.C. § 112 Defenses Against the '060 Patent That Are Directed to The Accused Products (ECF No. 251); and (3) Garmin's Motion *in Limine* No. 5 to Exclude Dr. Joel Steckel's Use Survey Regarding the '892 Patent (ECF No. 264).  (ECF No. 371, Order of Reference to Special Master.)

On August 10, 2016, the Special Master issued his Report and Recommendation.  (ECF No. 375.)  Visteon filed an Objection to that portion of the Special Master's Report relating to Garmin's motion to exclude Dr. Joel Steckel's Use Survey Regarding the '892 Patent.  (ECF No. 383, Plaintiff Visteon's Objections to the Special Master's Report and Recommendations Relating to Garmin's Motion *in Limine* No. 5.)  Garmin has filed a Response to Visteon's Objections.  (ECF No. 385.) No other objections have been filed by either party to the Special Master's Report and Recommendation.

Having reviewed *de novo*,  pursuant to Fed. R. Civ.  P. 53(f), the Special Master's findings of fact and conclusions of law to which objection has been made, the Court: (1) ADOPTS the Special Master's Recommendation to DENY Visteon's Motion *in Limine* No. 4 and DENIES that motion (ECF No. 250); (2) ADOPTS the Special Master's recommendation to DENY Visteon's Motion *in Limine* No. 5 and DENIES that motion (ECF No. 251); (3) SUSTAINS Visteon's Objection to the Special Master's Report and Recommendation Relating to Garmin's Motion *in Limine* No. 5 and DENIES that motion.  (ECF No. 264).

## II.     STANDARDS OF REVIEW

### A.     Review of the Special Master's Report and Recommendation

Fed. R. Civ. P. 53 sets forth the appropriate standard of review for a district court in reviewing findings of fact and conclusions of law made or recommended by a Special Master. Rule 53(f)(3) provides as follows:

> *Reviewing Factual Findings*.  The court must decide *de novo* all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>
>> (A) the findings will be reviewed for clear error; or
>> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed. R. Civ. P. 53(f)(4) provides as follows:

> *Reviewing Legal Conclusions*.  The court must decide *de novo* all objections to conclusions of law made or recommended by a master.

Fed. R. Civ. P. 53(f)(5) provides as follows:

> *Reviewing Procedural Matters*.  Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion.

*See also Hochstein v. Microsoft Corp.*, 730 F. Supp. 2d 714, 717 (E.D. Mich. 2010), *aff'd* 430 F. App'x 898 (Fed. Cir. 2011) ( "The Court reviews *de novo* factual findings and legal conclusions of the Special Master to which a specific objection has been made. *See* Fed. R. Civ. P. 53(f).") The parties have not stipulated to the finality of the Special Master's Report and have not agreed to clear error review.  The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions."  Fed. R. Civ. P. 53(f)(1).

### B.      Admissibility of Expert Testimony

"Admissibility of expert testimony is governed by Federal Rule of Evidence 702 and informed by the seminal case applying Rule 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)."  *In re Southeastern Milk Antitrust Litigation*, 739 F.3d 262, 267 (6th Cir. 2014).   Fed. R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"[T]he rules of evidence - especially Rule 702 - do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).  The trial court's "gatekeeping" task with respect to expert testimony applies not just to scientific evidence, as was at issue in *Daubert*, but to all types of specialized knowledge presented through an expert witness. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148-49 (1999).  ""[T]he relevant reliability concern may focus upon personal knowledge or experience . . . [as] there are many different kinds of experts, and many different kinds of expertise." *Id.* at 150.  The Court must analyze separately the proposed expert's qualification, reliability and helpfulness.

The Federal Circuit "appl[ies] regional circuit law to evidentiary issues." *VirnetX, Inc. v. Cisco Sys., Inc.*., 767 F.3d 1308, 1324 (Fed. Cir. 2014). "Whether proffered evidence should be admitted in a trial is a procedural issue not unique to patent law, and therefore we review the district court's decision whether to admit expert testimony under the law of the regional circuit, here the Fifth Circuit." *Micro Chem., Inc. v. Lextron*, 317 F.3d 1387, 1390-91 (Fed Cir. 2003). The Sixth Circuit has noted that absolute certainty is not required of an expert but that sheer speculation, regardless of the qualifications of the speculator, lacks sufficient reliability:

> Rule 702, we recognize, does not require anything approaching absolute certainty. *See Daubert*, 509 U.S. at 590, 113 S.Ct. 2786. And where one person sees speculation, we acknowledge, another may see knowledge, which is why the district court enjoys broad discretion over where to draw the line.

*Tamraz v. Lincoln Elec. Co*., 620 F.3d 665, 671-72 (6th Cir. 2010).

To determine the testimony's reliability, the court does not "determine whether [the opinion] is correct, but rather [determines] whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal Antitrust Litig*., 527 F.3d 517, 529–30 (6th Cir. 2008). "As gatekeeper, the trial court only determines the admissibility of expert evidence; the jury determines its weight. The court's focus is 'solely on principles and methodology, not on the conclusions that they generate.'" *United States v. Stafford*, 721 F.3d 380, 393-94 (6th Cir. 2013) (quoting *Daubert*, 509 U.S. at 595) (alterations in original). "[R]ejection of expert testimony is the exception, rather than the rule." *In re Scrap Metal*, 527 F.3d at 530.

## III.    ANALYSIS

In general, the '892 patent is directed to a method for assisting the navigation of a vehicle whereby a complex multiple-turn arrow icon is generated and displayed to the driver at a predetermined time or distance before the driver reaches a particular maneuver. Visteon contends

that Garmin has directly infringed Claim 8 of the '892 patent through the actions of its employees and has indirectly infringed Claim 8 of the '892 patent under a theory of both inducement and contributory infringement, through Garmin's actions in combination with the direct infringement of third parties. (ECF No. 383, Visteon's Objs. 1-2.) At issue in Visteon's Objections is Visteon's claim of direct infringement by third parties as to Claim 8 of the '892 patent. *Id.* at 2.

Visteon's expert, Dr. Joel Steckel, conducted a "Usage Survey" of Garmin PND users to determine whether the respondents had used the accused patented features on their Garmin device. (ECF No. 268, Steckel 11/30/12 Report 7-15). Garmin argues in its motion, and the Special Master agreed, that Dr. Steckel's Usage Survey relating to Claim 8 of the '892 patent tested the "Zoom In and Zoom Out" function and the "viewing a multiple-turn arrow icon" of the Garmin PNDs as separate functionalities in his survey, when the method recited in Claim 8 of the '892 patent requires the "Zoom In and Zoom Out" and "multiple-turn arrow icon viewing" functions to be connected. Garmin argues, and the Special Master agreed, that because Dr. Steckel's Usage Survey related to the '892 patent failed to tie these two claim elements together it lacked sufficient relevance or "fit" under *Daubert*.

Garmin does not challenge Dr. Steckel's principles or his survey methodology but rather asserts that his expert opinion will not assist the jury in understanding the evidence or determining a fact in issue. Garmin challenges Dr. Steckel's Usage Survey related to the '892 patent solely because it allegedly "did not test the accused method" and therefore "lacks the 'fit' to this case required by *Daubert.*" (ECF No. 264, Garmin's Mot. to Exclude 2.)

The first question posed to respondents in Dr. Steckel's Usage Survey related to Claim 8 of the '892 patent directs them first "to look at the picture below that shows the "Zoom In" and "Zoom

Out" buttons that might be used on your Garmin GPS device to get a better view of an upcoming

turn:"



ECF No. 268, Steckel Report Ex. E-18.

The Survey posed the following questions in connection with this image: "Have you ever

used the "Zoom In" and "Zoom Out" buttons on your Garmin GPS device to get a better view of an

upcoming turn?" The possible responses were: (1) "Yes, I have used the "Zoom In" and "Zoom

Out" buttons to get a better view of an upcoming turn," (2) "No, I have not used the "Zoom In" and

"Zoom Out" button to get a better view of an upcoming turn," or (3) "Don't know/Unsure."

The second question posed to respondents in Dr. Steckel's Usage Survey related to Claim

8 of the '892 patent directed respondents first "to look at the picture below that shows a multiple-

turn arrow icon that might be found on your Garmin device:"



ECF No. 268, Ex. E, Steckel Report Ex. E-19.

The Survey then posed the following question in connection with this image: "When using

your Garmin GPS device, have you ever seen a multiple-turn arrow icon similar to the one shown

in the image above?"  The possible responses were: (1) "Yes, I have seen a multiple-turn icon," (2)
"No, I have not seen a multiple-turn arrow icon," or (3) "Don't know/Unsure."

Garmin argues that Dr. Steckel's Usage Survey related to Claim 8 of the '892 patent
presented the ability to "Zoom In and Zoom Out" and to "view a multiple-turn arrow icon" to
respondents as separate unrelated functionalities.  Garmin argues that Visteon's theory of
infringement of Claim 8 of the '892 patent requires a "tie" between zooming in and out and viewing
a multiple-turn arrow icon.  Garmin argues that Dr. Steckel's Usage Survey did not capture this "tie"
through its questions and therefore did not ask respondents about all of the steps accused of
infringing Claim 8 and consequently is unreliable for demonstrating usage of Claim 8 of the '892
patent.  Therefore, Garmin argues, Dr. Steckel's Usage Survey related to Claim 8 of '892 patent
must be excluded under *Daubert* for lack of "fit."  ECF No. 264, Garmin's Mot. to Exclude 2.

The Court disagrees that Dr. Steckel's Usage Survey related to Claim 8 of the '892 patent
must be excluded.  Under Federal Circuit precedent, "[Dr. Steckel's] testimony need not establish
the ultimate question of infringement to be relevant" and admissible.  *Vita-Mix Corp. v. Basic
Holding, Inc.*, 581 F.3d 1317, 1326 (Fed. Cir. 2009) (citing *Daubert*, 509 U.S. at 591.)  Dr. Steckel's
testimony need only "have the tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be without the
evidence."  *Id*. (quoting Fed. R. Evid. 402).  It is further established that "[d]irect infringement can
be proven by circumstantial evidence."  *Vita-Mix*, 581 F.3d at 1326 (citing *Moleculon Research
Corp. v. CBS, Inc.*, 793 F.3d 1261, 1272 (Fed. Cir. 1986)).

The Court concludes that Dr. Steckel's Usage Survey questions directed to Claim 8 of the
'892 patent, which direct respondents' attention first to using the zoom function "to view upcoming

turns" and then to the occurrence of having viewed the multiple-turn arrow icon on their devices, to be of sufficient relevance to the issue of usage to be admissible, particularly given Visteon's proffer of additional related expert evidence on the issue of such use.  *See Vita-Mix*, 581 F.3d at 1326-27 (in the summary judgment context finding that the combination of the testimony of two experts was circumstantial evidence sufficient to create a genuine issue of material fact regarding infringement).  Garmin's challenge goes to the weight of the Steckel Usage Survey related to Claim of 8 of the '892 patent, not its admissibility.  Garmin will be free to attack the weight of this evidence on cross-examination, but the Court cannot conclude that it is so lacking in probative value that it must be excluded under *Daubert*.  In the Sixth Circuit, the "rejection of expert testimony is the exception, rather than the rule."  *In re Scrap Metal*, 527 F.3d at 530.

## IV.    CONCLUSION

Accordingly, the Court:

1) ADOPTS IN PART AND REJECTS IN PART the Special Master' Report and Recommendation (ECF No. 375);

2) DENIES, for the reasons stated by the Special Master in his Report and Recommendation, Visteon's Motion *In Limine* No. 4 to Exclude Any Argument, Evidence or Testimony That Is Contrary to the Court's Claim Construction (ECF No. 250);

3) DENIES, for the reasons stated by the Special Master in his Report and Recommendation, Visteon's Motion *In Limine* No. 5 to Exclude Any Argument, Evidence or Testimony Concerning Garmin's 35 U.S.C. § 112 Defenses Against the '060 Patent That Are Directed to the Accused Products (ECF No. 251);

4) SUSTAINS Visteon's Objections to the Special Master's Report and

Recommendation Relating to Garmin's Motion *in Limine* No. 5 (ECF No. 383); and

5) DENIES, for the reasons stated in this Opinion and Order, Garmin's Motion *in*

*Limine* No. 5 to Exclude Dr. Joel Steckel's Usage Survey Regarding the '892 Patent

(ECF No. 264).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 20, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2016.

s/Deborah Tofil
Case Manager